CHICAGO, INDIANAPOLIS & LOUISVILLE RAILWAY COMPANY *v.* RAILROAD COMMISSION OF INDIANA.

[No. 1.   Railroad Commission.   Filed January 15, 1907.]

1. RAILROADS. — *Commission.—Appellate Court.—Jurisdiction.— Appeal.*—On appeal from the railroad commission, the Appellate Court may determine whether the rate fixed by the commission, by virtue of the act of 1905 (Acts 1905, p. 83, §§5405a-5405y Burns 1905) is reasonable and has been established according to law, and whether such law is valid.   p. 360.

2. SAME.—*Commission.—Appeal.—Pleading.—Construction.*—An appeal is taken from a decision of the railroad commission by filing in the Appellate Court a concise statement of the appealing party's complaint, no strictness of pleading being required and a liberal construction obtaining so as to determine such matters upon the merits.   p. 360.

3. SAME.—*Commission.—Rates.—Elements Considered in Establishing.—Burden of Proof.*—In establishing a railroad rate the railroad commission should consider the value of the property used by the railroad company and the operating expenses thereof; and the burden is upon the plaintiff to establish that the rate charged is excessive.   p. 360. '

4. APPEAL. — *Carriers. — Railroads.—Commission.—Moot Questions.—Dismissal.*—Where a railroad company appealed from an order of the railroad commission fixing a freight rate, and afterwards established such fixed rate on its own motion, such appeal presents only a moot question and will be dismissed.   p. 360.

5. SAME.—*Railroads.—Commission.—Moot Questions.*—A moot question between the parties on appeal will not be decided because the appellant railroad company would be assisted thereby in adjusting excess charges collected from shippers during the time between the establishment of the rate by the railroad commission and the disposition of the appeal therefrom.   p. 361.

6.  CONSTITUTIONAL LAW. — *Railroad  Commission.—Railroads.—Interurban  Railroads.—Discrimination.—Appeal.*—Whether the act of 1905 (Acts 1905, p. 83, §§5405a-5405y Burns 1905), creating the railroad commission and prescribing its powers and duties, is unconstitutional as discriminating between steam and interurban railroad companies, or whether such act gives such commission equal powers over both kinds of railroads, will only be decided where absolutely necessary to a disposition of the appeal upon the merits.   p. 361.

From Railroad Commission of Indiana; *Union B. Hunt,* Chairman, *Charles V. McAdams* and *William J. Wood,* Commissioners.

Appealed by the Chicago, Indianapolis & Louisville Railway Company from an order of the Railroad Commission of Indiana in fixing the rate for the shipment of coal.    (On motion to dismiss appeal, motion overruled.   See 38 Ind. App. 439.)   *Appeal dismissed.*

*E. C. Field* and *H. R. Kurrie,* for appellant.
*C. V. McAdams,* for appellee.

ROBY, P. J.—A motion to dismiss the appeal herein was heretofore overruled.   *Chicago, etc., R. Co.* v. *Railroad Com., etc.* (1906), 38 Ind. App. 439.   The action was instituted by the filing of a verified complaint by the Romona Oolitic Stone Company against the appellant and the Vandalia Railroad Company, complaining of a joint rate on coal from the Greene county coal fields *via* the Vandalia line, Gosport Junction, and then over appellant's line to Stinesville.   The rate complained of was ninety-five cents per ton, which the commission reduced to eighty cents, the reduction applying solely to that part of the charge made by appellant for transportation over its line. Complaint was also made of a rule by which appellant required its agents to way-bill such coal at actual weight but not less than ninety-five per cent of the marked capacity of the car.   The commission prohibited the enforcement of this rule in all cases where the car or cars furnished would

360    APPELLATE COURT OF INDIANA,

Chicago, etc., R. Co. *v.* Railroad Com., etc.—39 Ind. App. 358.

not hold the quantity of coal in weight, equal to the marked carrying capacity of such cars.

The questions which this court may decide, are, whether the rate fixed by the commission has been established in due form of law, under a valid law, by a valid 1. commission, and whether such rate is a reasonable and therefore a lawful one. *Chicago, etc., R. Co. v. Railroad Com., etc., supra.* The averments of the complaint fix the scope of the commission's inquiry. Acts 1905, p. 83, §3, cl. h, §5405c Burns 1905.

The questions which come to this court are those made by "a concise written statement of its or his causes of complaint against the action of the commission." 2. Acts 1905, p. 83, §6, §5405f Burns 1905. The insufficiency of the complaint is not thus questioned in the case at bar, but the order of the commission is challenged as being contrary to law and unsupported by evidence. No strictness of pleading is required by the act, and both the complaint filed with the commission and the concise written statement filed in this court must be liberally construed for the purpose of obtaining a disposition of the matters involved, upon their substantial merits.

Section seven of the act of 1905, *supra* (§5405h Burns 1905), is as follows: "In all trials under section six of this act, the burden of proof shall rest upon the 3. plaintiff, who must show by clear and satisfactory evidence that the rates, regulations, orders, classifications, acts or charges complained of are unreasonable and unjust to it or them." The appellant correctly states that "in determining what is a reasonable rate for services, the value of the property employed and the expenses of operation should be considered." *Metropolitan Trust Co. v. Houston, etc., R. Co.* (1898), 90 Fed. 683; Judson, Interstate Com., §135.

It is not necessary to determine whether the action of the commission was supported by clear and satisfactory

NOVEMBER TERM, 1906.        361

Chicago, etc., R. Co. *v.* Railroad Com., etc.—39 Ind. App. 358.

evidence, for the reason that it is made to appear

4.    that, since the filing of the transcript herein, the appellant has issued and put in force a new proportional coal tariff in which the rate fixed conforms to the order of the commission appealed from, and that the rule whose enforcement was limited by the order of the commission has been superseded by an order of the appellant which has been filed with the commission.   This action reduces the questions raised by the appeal to moot questions.   The sole object of the proceeding was to secure the reduction of the rate and nullification of said rule, and, if we were to hold that the burden resting upon the complainant had not been discharged and remand the case for further proceedings, there could be no practical advantage thereby gained, as the rates and rule complained of no longer exist.   *Rowe* v. *Bateman* (1899), 153 Ind. 633.

Appellant seeks to meet this condition by asserting the fact that it will be liable to repay to shippers the amount collected by it from them in case the rate fixed by

5.    the commission, during the time between such order and the termination of the appeal, is affirmed. The litigation cannot be protracted for the purpose of deciding controversies which may arise between appellants and third persons, who are not parties thereto.

The principal argument in this case has been directed to the constitutionality of the railroad commission act. It

6.    is claimed that its provisions are within the prohibition against class legislation contained in article 4, §23, of the Constitution of Indiana, and of the 14th amendment to the Constitution of the United States, as denying to appellant the equal protection of the laws, in providing "that this act shall not apply to street or interurban railroads."   Acts 1905, p. 83, §21, §5405v Burns 1905.   The facts in the case at bar upon which the classification made by the act must either be condemned

as arbitrary, without reason or defense, or approved as founded upon reason and distinction, differ from any facts heretofore considered by any court. The difference arises from the rapid development of modern methods and facilities for transportation. The points of similarity between interurban railroads uniting cities and towns long distances apart, and steam railways connecting the same cities and towns, are numerous. The statutes under which such corporations operate are to a large extent identical. The points of difference do not seem to be fundamental. The steam road might adopt electric power, but could scarcely, by so doing, render the act of 1905, *supra,* inapplicable to it. The substantial purpose which it was the evident intention of the legislature to accomplish does not depend upon minor points of difference between carriers of passengers and freight coming within its reason, and it is at least debatable whether the law which leaves one carrier free to influence traffic by the giving of special rates, rebates, drawbacks, and other devices, while such acts on the part of its competitor are prohibited and penalized, does not deny to the latter that equal protection of the law which is guaranteed by the 14th amendment to the federal Constitution; but it is a rule of decisions that courts will not pass upon a constitutional question and decide a statute to be invalid, unless a decision upon that very point becomes necessary to a determination of the cause. It has been repeatedly held, carrying the doctrine to its fullest extent, that constitutional questions will not be decided unless such decision is *absolutely* necessary to a disposition of a cause upon its merits. *State* v. *Darlington* (1899), 153 Ind. 1.

For the reason above stated, that the questions involved have been taken out of the realm of actual controversy, the appeal herein is dismissed. Hadley, J., not participating.