## HINE v. WADLINGTON *et al.*.

No. 1146.   Opinion Filed October 18, 1910.

(111· Pac. 543:)

1.  **APPEAL AND ERROR—Record—Appeal from Corporation Commission.** The appellant having been required by order of the Corporation Commission to put in force certain rates as to its telephone exchange at P., and an appeal without supersedeas having been prosecuted to this court from said order, thereafter said appellant petitioned· the Corporation Commission to permit it to charge rates in excess of that provided in said order. Upon said petition evidence was introduced pro and con, appellant cross-examining the witnesses testifying in opposition to his petition.  An order being made by this court remanding the case to the Corporation Commission to take additional evidence and report thereon, at the same time certifying up said additional evidence, said commission certified the evidence previously taken on said motion for permission· to charge higher rates.  Held, that said evidence would. be considered as a part of the record in this cause, and the motion to strike the same from the record would be overruled.

2.  **CORPORATION COMMISSION—Pleading.** In proceedings before the Corporation Commission, no strictness of pleading is required.

3.  **CONSTITUTIONAL LAW—Proceedings Before Corporation Commission—Notice.** The Corporation .Commission, in the exercise of its legislative functions, is not required by the fourteenth amendment to the Constitution of the United States. in order to render such acts valid, to first summon the parties, natural or artificial, to protect their rights.

4.  **CORPORATION COMMISSION—Procedure—Necessity for Notice.** Under section 18, art 9, of the Constitution of this state, before the commission is authorized to prescribe or fix any rate,

charge, classification of traffic, or make any order, rule, regula-tion, or requirement directed against any one or more companies by name, such companies to be affected must first be given, by the commission, at least 10 days' notice of the time and place when and where the contemplated action in the premises will be considered and disposed of, and shall be afforded a reasonable opportunity to introduce evidence and to be heard thereon.

(a) Such party, on application, shall have process to en-force the attendance of witnesses to testify on its behalf.

(b) Where the order, rule, regulation, or requirement is not to be directed against any specific company or companies by name, such contemplated order must first be published in substance, not less than once a week, for four consecutive weeks, in one or more of the newspapers of general circulation pub-lished in the county in which the capitol of this state may be located, together with the notice of the time and place, when and where the commission will hear any objections which may be urged by any person interested, against the proposed order, rule, regulation, or requirement.

(c) When action is taken by the commission without com-plying with said provision as to notice, unless same has been either expressly or impliedly waived, it will constitute such error as will cause a reversal of its order.

(Syllabus by the Court.)

## Appeal from Corporation Commission.

Petition by B. C. Wadlington and others before the Corpo-ration Commission to establish telephone rates of the Purcell & Lexington Telephone Company, owned by Lewis T. Hine. From an order establishing the rate, Hine appeals. On motion to strike certain evidence from the record. Motion overruled.

See, also, 26 Okla. 329, 109 Pac. 301.

*J. W. Hocker,* for appellant.

*George A. Henshaw, A. W. Wadlington* and *B. C. Wadlington,* for appellees.

WILLIAMS, J. On May 10, 1910, this case was remanded to the Corporation Commission with instructions "to proceed to make such investigation of the evidence introduced at the former hearing and all other evidence that may be hereafter offered by any party in interest as is necessary to make a finding of facts," and to certify the same, together with the evidence, to this court within ninety days for its consideration. On July 25, 1910, pur-

suant to said order, said commission certified to this court what purports to be a "full and complete record of proceedings, pleadings, evidence, and exhibits in the above entitled and numbered cause had under the mandate of the Supreme Court filed May 10, 1910, pursuant to the order of said court." Said record contains a certified copy of the annual tax return of appellant's exchange and line, made to the State Auditor on the 21st of October, 1908, together with a petition filed by appellant before said commission on the 10th day of November, 1908, wherein, in substance, it was recited that the rates prescribed for appellant to charge for the service rendered by its telephone exchange are not remunerative and are confiscatory, and asked that he be permitted to charge rates in excess of the order herein appealed from. Evidence was heard on said application on March 11, 1909, when such hearing was continued to April 16, 1909, then additional evidence being taken. The evidence of the appellant and other witnesses, together with the report of the official telephone engineer of said commission, is contained in the record so certified up. It is further shown that at all of said hearings the appellant was represented by counsel. The state of Oklahoma, as well as the appellant, was a party to this hearing.

In *St. L. & S. F. R. Co. v. Williams et al.*, 25 Okla. 662, 107 Pac. 428, this court said:

"Though it may be necessary for the commission to make and preserve a record, it does not follow that a strict or narrow rule as to procedure shall prevail as in trials at common law. * * * The fact that the petition may have asked for the regulation of interstate commerce, yet if the order of the Corporation Commission made thereon did not interfere with interstate commerce, the commission had jurisdiction to enter same. Its jurisdiction does not depend upon any special form of pleading; the test being, not the relief prayed for, but that granted. In fact, it is not essential for any petition to be filed, but that notice shall be had. Such notice as prescribed by section 18 of article 9 of the Constitution being that the particular carrier or carriers or parties to be affected might have adequate opportunity to defend, and the fact that the petition called for the installing of an interstate train,

after notice and hearing thereon and an order entered for the installing of an interstate train, if it could be made to appear that this was prejudicial to the appellant, in that it was misled, and not having prepared for a hearing on the issue as to an intrastate train, but as to an interstate train, in that event the appellant would have just right to complain. No such contention was made at the hearing before the commission or suggested here."

Under the railroad commission act of Indiana (Acts 1905, p. 83; section 5405f, 5405g, Burns' Ann. St. 1905), an appeal lies from an order of the commission establishing rates, etc., to the Indiana Appellate Court. In *Chicago, Indianapolis & Louisville Ry. Co. v. Railroad Commission*, 39 Ind. App. 358, 79 N. E. 927, it is said:

"No strictness of pleading is required by the act, and both the complaint filed with the commission and the concise written statement filed in this court must be liberally construed for the purpose of obtaining a disposition of the matters involved, upon their substantial merits."

In *Southern R. Co. v. Railroad Commission*, 42 Ind. App. 90, 83 N. E. 721, it is said:

"No strictness in pleading is required in proceedings before the railroad commission, and it is vested with ample power to frame its order as the substantial justice of the case may require, irrespective of the relief asked for in the petition. *Chicago, etc., R. Co. v. Railroad Com., etc.* (1906) 38 Ind. App. 439 [78 N. E. 338, 79 N. E. 520]."

The Corporation Commission, in the exercise of its legislative functions, is not required by the fourteenth amendment to the Constitution of the United States, in order to render such acts valid, to summon the parties, natural or artificial, before it to protect their rights. *Winchester & Strasburg R. Co. et al. v. Commonwealth*, 106 Va. 264, 55 S. E. 692. Section 18, art. 9, of the Constitution of this state provides:

"* * * Before the commission shall prescribe or fix any rate, charge or classification of traffic, and before it shall make any order, rule, regulation or requirement directed against any one or more companies by name, the company or companies to be affected by such rate, charge, classification, order, rule, regulation or

requirement, shall first be given by the commission at least ten days' notice of the time and place when and where the contemplated action in the premises will be considered and disposed of, and shall be afforded a reasonable opportunity to introduce evidence and to be heard thereon, to the end that justice may be done, and shall have process to enforce the attendance of witnesses; and before said commission shall make or prescribe any general order, rule, regulation or requirement, not directed against any specific company or companies by name, the contemplated general order, rule, regulation or requirement shall first be published in substance, not less than once a week, for four consecutive weeks, in one or more of the newspapers of general circulation published in the county in which the capitol of this state may be located, together with the notice of the time and place, when and where the commission will hear any objections which may be urged by any person interested against the proposed order, rule, regulation or requirement. * * *"

On account of the requirements of this section, however, although the Corporation Commission acts in an administrative or legislative capacity, and not as a court of record, such notice is essential.

No strict rule of procedure obtaining, the object being to obtain the substance and not the form, at the same time notice is required so that all parties affected may be present so as to interpose objections, cross-examine witnesses, and offer any evidence available in defense of their interests. As to the evidence certified up under the mandate of this court, it seems to have been taken in a supplemental proceeding subsequent to the order appealed from but prior to the date this cause was remanded, the purpose of which was to procure an order from the commission permitting the appellant to charge rates in excess of the rate fixed in the previous order. All of this evidence seems to have been taken when the appellant by his counsel was present and cross-examined the witnesses. In fact, a part of this evidence was offered by the appellant himself. We think this evidence may be considered as a part of this record on this hearing. If the action of the Corporation Commission in certifying up same operates as a sur-

prise to the appellant, his remedy is, not to move to strike out this evidence, but to set up under proper verification the evidence that he was precluded from introducing by the commission's not hearing additional evidence under the order of this court, and, if it then appears that appellant is entitled to have such evidence considered, this court, under section 22, art. 9, of the Constitution, may require the commission to hear such evidence and certify it up to become a part of the record before us.

Appellant's motion to strike is, accordingly, overruled.

All the Justices concur.