# American Fidelity Company of Monpelier, Vermont, *v.* Indianapolis Mortar and Fuel Company.

### [No. 21,785. Filed June 7, 1912.]

1. Appeal.—*Briefs.—Specification of Errors.*—Alleged error in the admission of evidence will not be reviewed on appeal where neither the cause for a new trial nor its substance is set out in appellant's brief, and it is not shown therein what specific objection, if any, was made to the admission of said evidence, or that any exception was reserved to the ruling of the court. p. 134.

2. Appeal.—*Briefs.—Requirements.—Rule 22.*—Rule 22 of the Supreme Court requires that appellant's brief be so prepared that all questions presented by the assignment of errors can be determined by an examination of the brief, without looking to the record, and that to the extent said rule has been complied with the errors assigned will be determined and the others will be considered waived. p. 134.

From Marion Circuit Court (17,250); *Charles Remster,* Judge.

Action by the Indianapolis Mortar and Fuel Company against the American Fidelity Company of Montpelier, Vermont, and another. From a judgment for plaintiff, the de-

fendant American Fidelity Company of Montpelier, Vermont, appeals. *Affirmed.*

*Samuel O. Pickens, Charles W. Moores, R. F. Davidson* and *Owen Pickens,* for appellant.

*Ryan & Ruckelshaus, Groninger & Groninger,* for appellee.

MONKS, J.—This action was brought by appellee against Thomas J. Markey, as principal, and appellant, as surety, on bonds given to secure certain contracts between said Markey and the city of Indianapolis, for the construction of sewers in said city. Appellee's demurrer for want of facts to the third and fourth paragraphs of answer was sustained. A trial of said cause by the court resulted in a finding in favor of appellee, and over a motion for a new trial judgment was rendered against appellant.

It is insisted by appellant that the court erred in admitting evidence during the trial. The statement of points in appellant's brief refers to only two causes for a new trial, but neither said causes for a new trial nor the substance thereof are set out in appellant's brief, as required by Rule 22 of this court. It is not stated or shown what specific objection, if any, was made in the court below to the admission of said evidence, nor is it stated or shown that any exception was reserved to the ruling of the court in admitting said evidence, as required by said rule. It has been held uniformly that said rule requires that appellant's brief be so prepared that all questions presented by the assignment of errors can be determined by an examination of the brief, without looking to the record, and that to the extent said rule has been complied with, the errors assigned will be determined and the others will be considered waived. *Lake Erie, etc., R. Co.* v. *Shelley* (1904), 163 Ind. 36, 47, 48, 71 N. E. 151, and cases cited.

No question is therefore presented as to the admissibility of said evidence.

The other questions presented in this cause are the same as those decided in *Aetna Indemnity Co.* v. *Indianapolis, etc., Fuel Co.* (1912), *ante.* 70, 98 N. E. 706, and on the authority of that case the judgment in this case is affirmed.

NOTE.—Reported in 98 N. E. 709. See, also, under (1) 2 Cyc. 1015; (2) 2 Cyc. 1014, 1015.