## WALLACE *v.* STATE OF INDIANA.

[No. 23,772.   Filed October 28, 1920.]

1. CRIMINAL LAW.—*Affidavit in Three Counts, One Bad.—Presumption after Conviction.—Intoxicating Liquors.*—Where the affidavit was in three counts, one of which charged a failure to remove intoxicating liquors in the possession of accused from the state, under §35, Acts 1917, ch. 4, p. 15, §8356a *et seq.* Burns' Supp. 1918, which has been held not to define a public offense, it must be assumed that the judgment of conviction rests upon one of the other counts.   p. 564.

2. INTOXICATING LIQUORS.—*Unlawful Keeping.—Explanation by Accused of Presence of Liquors.—Question for Jury.—Reasonable*

*Doubt.*—Where, under a charge of unlawfully keeping intoxicating liquor with intent to sell, etc., in violation of law (§4, Acts 1917 p. 15, §8356a Burns' Supp. 1918), a statement is testified to by the accused, which, if believed, will so explain the presence of the liquor in his garage, in his automobile, and the other circumstances in evidence against him, as to require a verdict of acquittal, a question of fact is presented for the decision of the jury under the rule of reasonable doubt.  p. 565.

3. CRIMINAL LAW.—*Offense Not Charged.—Instructions.—Reversible Error.*—Where the evdience was such as to have sustained a conviction of the offense of unlawfully keeping intoxicating liquors with intent to sell, etc., in violation of law (§4, Acts 1917 p. 15, §8356d Burns' Supp. 1918), had the case been submitted to the jury under proper instructions, the giving of instructions authorizing a conviction for an offense against the liquor laws, defined by statute, and of which the proof undisputedly showed accused to have been guilty, but which was not charged in the affidavit, deprived the accused of all consideration of his defense made to the charge made, and constituted reversible error, for a person cannot be convicted of an offense not charged in the affidavit or indictment to which he has entered his plea.  p. 566.

From Vigo Circuit Court; *Charles Pulliam,* Judge.

Prosecution by the State of Indiana against William Wallace. From a judgment of conviction, the defendant appeals. *Reversed.*

*Daniel V. Miller* and *Frank A. Keller,* for appellant.

*Ele Stansbury,* Attorney-General, and *Aladar H. Hamborszky,* for the state.

LAIRY, J.—Appellant was tried and convicted in the Vigo Circuit Court on an affidavit consisting of three counts. The first count charges the defendant with keeping and maintaining a place where intoxicating liquors were then and there kept for sale, etc., in violation of law, and where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage, in violation of the laws of the state.

The second count charged that appellant was, on the date mentioned in the affidavit,. in the possession of intoxicating liquors, and that he unlawfully failed to remove and cause said intoxicating liquors to be removed from the state within ten days after April 2, 1918. This count is drawn under §35, ch. 4, Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918. It has been held that this section does not define a public offense. *Ward* v. *State* (1919), 188 Ind. 606, 125 N. E. 397.

The third count of the affidavit charged appellant with unlawfully keeping intoxicating liquors with intent to sell, barter, exchange and give the same away in violation of law.

As no conviction could be based on the second count, it must be assumed that the judgment of conviction rests on either the first or the third count of the affidavit.

1.

The testimony on behalf of the state shows that on the date mentioned in the affidavit two police officers of the city of Terre Haute saw appellant's automobile pass along the street and enter his garage, which was built in connection with the back part of his residence, with a door between. The officers followed the car and entered the garage two or three minutes after the car had been driven in; and when they so entered they found appellant and a man named Lyons near the car. In the car the officers found a case of whisky containing forty-six half-pints, and also twenty bottles of beer and a quart of gin. Appellant admitted in his evidence that the automobile in which the liquor was found belonged to him. After the discovery of liquor by the officers appellant broke open the case containing the whisky, and took out a half-pint bottle. He took a drink out of the bottle and

handed it to Lyons, who took a drink and handed it back. After appellant and Lyons had finished drinking the whisky contained in the bottle, it was thrown down, and was picked up by the officers, who arrested appellant and took him and the liquor to police headquarters. Some conversation occurred between appellant and the officers at the time of the arrest and prior thereto, which is not set out for the reason that it throws no light on the material issues involved.

Appellant in his testimony explained the presence of liquor in his car by saying that, earlier in the evening, he had let the automobile in question to one William Ross for hire for two hours at the price of two dollars. He stated that Ross took the car out of the garage, and that he brought it back just before the officers came. He stated that he was waiting in the garage for Ross to bring the car back, and that when he drove in and got out of the car the police followed him and he went out of another door. Appellant testified that no part of the liquor found in the car belonged to him, and that he did not know that it was in the car until it was discovered by the officers. He further stated that Ross was an automobile mechanic, whom he had known for about two years, and that Ross was not in his employ.

Under such a state of the evidence, a question of fact was presented for the decision of the jury. If the jury, from the testimony of appellant, when

2. considered in connection with the other evidence in the case, had found that the liquor did not belong to him, and that it was placed in the car by another without his knowledge, consent or connivance, such facts would show that the liquor was not in the unlawful possession of appellant; and if the

jury so found, or if it entertained a reasonable doubt on that question, the appellant should have been acquitted. On the other hand, if the jury had disbelieved his testimony and had believed beyond a reasonable doubt, from the evidence, that he had placed the liquor in the car, or that it had been placed there by another with his knowledge and for his use, it would have been justified in finding that he was in the unlawful possession of such liquor. If the jury had so found under proper instructions, the evidence would have been sufficient to sustain such finding and to justify a conviction under the third count of the affidavit.

Appellant complains of the instructions given by the court, and especially of the two which we set out:

Instruction No. 14: "I instruct you that if you find from all the evidence in this case that William Wallace on the night of June 25th, 1919, gave a one-half pint bottle partially full of whiskey to Harry Lyons and Harry Lyons drank whiskey from the one-half pint bottle and that said Harry Lyons was not a guest of William Wallace at the time, that said act would constitute a delivery to, and a furnishing of intoxicating liquor."

Instruction No. 16: "I instruct you, gentlemen of the jury, that it is a violation of the Prohibition Act for one person to furnish intoxicating liquors to another, except that person be a guest in his home, and that such giving or furnishing would be a violation of the Prohibition Act, regardless of the manner, mode or condition under which the giver obtained possession or control of such intoxicating liquors."

From these instructions the jury would understand that the only facts essential to constitute the crime

charged were that appellant gave intoxicating liquor to Lyons at the time and place charged in the affidavit, and that such liquor was not served to him as a guest in appellant's house; and that, if the jury found such facts to be true beyond a reasonable doubt, the law required a conviction, even though the statement of appellant by which he explained the presence of the liquor in the car was correct and true.

According to the undisputed evidence, the defendant gave and furnished to Lyons intoxicating liquors at the time and place mentioned in the affidavit. Such conduct constitutes an offense defined by statute of which appellant was clearly guilty according to his own testimony; but the affidavit on which appellant was tried and convicted did not charge him with the commission of the offense to which these instructions refer. A person cannot be convicted of an offense not charged in the affidavit or indictment to which he has entered his plea.

Under the instructions set out, the jury would have been justified in convicting the defendant of an offense defined by statute, but not charged in the affidavit on which he was tried. The giving of these instructions constitutes error which requires a reversal of the judgment.

The judgment of the trial court is reversed, with instructions to sustain appellant's motion for a new trial.