TOTTEN ET AL. v. AMERICAN RAILWAY EXPRESS
COMPANY.

[No. 11,220.   Filed April 20, 1922.]

1. PLEADING.—*Complaint. — Requisites. — Theory.* — Plaintiff should draw his complaint, and each paragraph thereof where it consists of more than one, on a single definite theory, and such theory should be so clearly stated that the court will be free from doubt as to what it is.   p. 204.

2. PLEADING.—*Complaint.—Theory.—Determination.*—Where the theory of a complaint is not clearly stated, and it is susceptible to more than one construction, it is the duty of the court to determine its theory from its general scope and the leading averments contained therein.   p. 204.

3. APPEAL.— *Review.— Construction of Complaint.— Presumptions.*—In an action against an express company for the loss of a horse in shipment, where the complaint could be construed on the theory that the action was for damages based on negligence in transportation, under which a peremptory instruction for defendant would be error, or could also be construed on the theory that the action was for damages based on conversion, which construction would make such instruction proper, it will be presumed on appeal that it was construed on the latter theory, and the same construction will be adopted on appeal.   p. 204.

4. CARRIERS. — *Carriage of Freight. — Conversion.—Evidence.— Failure of Delivery.*—Mere proof of a nondelivery of freight entrusted to a carrier for transportation will not establish a conversion.   p. 204.

5. APPEAL.—*Review.—Rulings of Trial Court.—Presumptions.*— Every reasonable presumption is indulged on appeal in favor of the action of the trial court.   p. 204.

6. APPEAL.—*Briefs.—Questions Presented.—Admission of Evidence.—Failure to Show Objections.*—Where appellants' brief fails to disclose what objections, if any, were made to the introduction of evidence claimed to have been erroneously admitted, no question as to its admissibility is presented on appeal.   p. 206.

From Shelby Circuit Court; *Alonzo Blair*, Judge.

Action by John J. Totten and another against the American Railway Express Company. From a judgment for defendant, the plaintiffs appeal. *Affirmed.*

*Ed. K. Adams,* for appellants.

*Williams & Pell,* for appellee.

BATMAN, P. J.—Appellee transported a carload of horses for appellants from Milwaukee, Wisconsin, to Fairland, Indiana, over certain lines of railroad for a consideration of $198. When the car reached its destination and was unloaded, it was discovered that of the twenty-eight horses that had been shipped only twenty-seven had arrived. The twenty-seven horses were delivered to appellants, but the missing horse was never so delivered. Appellants brought this action against appellee to recover the damages they had sustained by reason of such fact. The complaint is in a single paragraph, and after alleging that appellee had received said horses for transportation, contains the following specific averments:

"That while so engaged in so transporting said stock the defendant by its agents and employes carelessly, and negligently suffered and permitted one of said horses to wit: one gray horse, to be taken from said cars, and converted to their own use by some person or persons unknown to the plaintiffs, and said animal through the carelessness and negligence of the defendant and its employes was so converted, taken and spirited away to some place unknown to plaintiffs, and its whereabouts are unknown to plaintiffs, and cannot by diligent search and inquiry be ascertained. That said horse at the time it was so placed in the charge of the defendant for shipment and at the time defendant suffered it to be so spirited away, was of the value of $250.00."

Other allegations are made in harmony with the gen-

eral facts first stated, which need not be set out for an understanding of the questions to be determined. When the issues were closed only an answer in general denial remained in the record. The cause was submitted to a jury for trial. At the conclusion of appellants' evidence the court instructed the jury to return a verdict for appellee, which was done, and a judgment rendered accordingly. Appellants filed a motion for a new trial, which was overruled, and this appeal followed.

The action of the court in overruling appellants' motion for a new trial is the only error properly assigned on appeal. Under this assignment of error it is 1. contended that the court erred in giving the jury a peremptory instruction to return a verdict in favor of appellee. Whether or not this was error, will depend on the construction placed on the complaint. It is the duty of a party instituting an action to draw his complaint, and each paragraph thereof where it consists of more than one, on a single definite theory. *Cleveland, etc., R. Co.* v. *Dugan* (1897), 18 Ind. App. 435, 48 N. E. 238. Such theory should be so clearly stated that the court will be free from doubt as to what it is. However, where this is not done, and the 2. complaint, or some paragraph thereof is susceptible of more than one construction, it is the duty of the court to determine its theory from the general scope and tenor thereof, and the leading averments contained therein. *National, etc., Co.* v. *Smith* (1913), 55 Ind. App. 124, 99 N. E. 829.

Appellants' final contention in regard to the theory of their complaint appears to be, that it is an action for damages, based on the negligence of appellee in 3-5. transporting their horse, resulting in its total loss to them. This is a possible construction, and if the court adopted it, there was error committed in giving the instruction in question, as disclosed by the

evidence, and the judgment should be reversed. However, we find that the complaint is susceptible of another construction, which in our opinion is a more reasonable one, and that is, that it is an action for damages based on conversion, as disclosed by the averments quoted above. If the cause was tried on that theory, the instruction in question was a proper one under the evidence. We make this statement in view of the following facts: The undisputed evidence shows that twenty-eight horses belonging to appellants were loaded in a car at Milwaukee, and that appellee agreed to transport them to Fairland for $198, but that only twenty-seven horses were delivered to appellants at the latter place. There is no evidence which shows directly, or by reasonable inference, by whom the missing horse was taken from the car, if by any one, or how it got out, or what became of it. As far as the evidence discloses, this is all a complete mystery. We only know that there was a nondelivery of the horse, but mere proof of a nondelivery will not establish a conversion. *Vandalia R. Co.* v. *Upson Nut Co.* (1913), 55 Ind. App. 252, 101 N. E. 114, 388. This leaves us with a complaint, susceptible of two constructions, one of which, if adopted, would render the giving of the instruction in question reversible error, and the other, if adopted, would render its giving proper. The general rule is, that every reasonable presumption is indulged in favor of the action of the trial court. *Chastian* v. *Board, etc.* (1918), 68 Ind. App. 162, 119 N. E. 1007. Under this rule it will be presumed, where it does not otherwise appear, that the court construed the complaint as proceeding on a theory, that renders its action in giving a particular instruction proper, rather than reversible error. Therefore we must conclude that this cause was tried as an action for damages, based on a charge of conversion. Having reached that conclusion, we must

adopt the same construction on appeal. *Pittsburgh, etc., R. Co.* v. *Lamm* (1915), 61 Ind. App. 389, 112 N. E. 45. This would be our duty although we were of the opinion that the complaint was susceptible of another construction equally as reasonable. *Cincinnati, etc., R. Co.* v. *Gross* (1917), 186 Ind. 471, 114 N. E. 962. We conclude that the court did not err in giving the instruction under consideration.

Appellants contend that the court erred in permitting appellee to introduce in evidence, as part of its cross-examination of one of their witnesses, a certain

6.    paper identified as "Exhibit B." However, no question is presented with reference to the admission of this evidence, as appellants' brief fails to disclose, what objections, if any, were stated to the trial court with reference to the introduction of such evidence at the time it was offered. *American Fidelity Co.* v. *Indianapolis, etc., Fuel Co.* (1912), 178 Ind. 133, 98 N. E. 709; *Chaney* v. *Wood* (1916), 63 Ind. App. 687, 115 N. E. 333. We find no reversible error in the record. Judgment affirmed.