(No. 16426.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES REID, Plaintiff in Error.

*Opinion filed February 17, 1925.*

1. CRIMINAL LAW—*when a search warrant is void—evidence.* A search warrant issued without an affidavit and which does not describe either the place to be searched or the things to be seized is void, and articles taken on such search are not admissible in evidence against the defendant after his petition to suppress the evidence is heard and denied.

2. SAME—*what is not waiver of constitutional guaranty against unlawful search.* That the defendant, when served with a search warrant by the officers, said to them, "I am innocent," or, "Everything is mine," followed by the words, "Help yourselves," is not an invitation to make the search and a waiver of the defects in the search warrant or his constitutional right to be free from the unlawful search.

WRIT OF ERROR to the Circuit Court of Kendall county; the Hon. WILLIAM J. FULTON, Judge, presiding.

N. J. ALDRICH, and D. C. MEWHIRTER, (THEODORE WORCESTER, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, RICHARD O. LEITCH, State's Attorney, VIRGIL L. BLANDING, ALBERT D. RODENBERG, and HARVEY GUNSEL, (OLNEY C. ALLEN, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

Charles Reid was convicted of larceny and has sued out a writ of error.

On the night of July 23, 1923, the store of Biesemeier & Hettrick, in the village of Oswego, was broken into through the back door opening upon an alley and some sugar, canned goods, meat, butter and cheese were stolen. The burglary was discovered on the opening of the store the next morning. The sheriff was notified at Yorkville, the county seat, and came to Oswego about 7:30 o'clock.

A deputy sheriff named Devereaux and the State's attorney also came later, as well as a detective from Chicago named Jeske. On the cement sidewalk in the alley at the back of the store were tracks of an automobile having Goodyear Diamond-tread tires in front and Goodrich Silvertown tires behind. The tracks led through an alley to the street and then south toward Reid's house and were lost about a half block south of where they turned. Reid's automobile was at his house and had Goodyear Diamond-tread tires in front and Goodrich Silvertown tires behind. The officers returned to Yorkville in the afternoon and procured a police magistrate to issue the following search warrant, addressed to the sheriff:

"Complaint having been made by Robert Jeske that stolen goods are held on premises of Charles Read within certain premises or buildings in Oswego owned by Charles Read, we command you to enter said premises and make diligent and careful search for property hereinabove described and seize and bring any and all there found, and all property kept or used for the purpose of violating, or with which to violate, any law of this State, there found, and all persons in whose possession they are found, before me at my office in Yorkville.

"Dated July 23, A. D. 1923.

F. R. SKINNER, *Police Magistrate.*"

A warrant was also issued for the arrest of Reid on a charge of burglary and larceny, and the next morning, July 25, the sheriff, with both warrants in his possession, went to Reid's house, at Oswego. Devereaux and Jeske were with the sheriff, and they found Reid at work in his garage and general repair shop across the street from his house. The warrants were served on him, he was arrested, and his shop, as well as his dwelling house, barn and a shed, was searched. When he was served the sheriff testified that he said, "I am innocent; help yourselves." Reid testified that he told them that everything there belonged to him. He was taken to Yorkville, where he remained in jail ten days. His wife was arrested afterward, and while he was in jail the sheriff searched his premises several times, and testi-

fied that he was there for three or four days or a week after Reid was put in jail. The search warrant was returned executed "by searching the premises of Charles Reid, in Oswego, Oswego township, Kendall county, and confiscating the following merchandise: 5 cans sardines, 1 can tomatoes, 2 cans salmon, 1 cut of cheese, 2 summer sausage, 2 pieces of bacon, 1 doz. ¼ ℔. bars of butter, 3 cans pepper, this 25th day of July, A. D. 1923." Many articles other than those mentioned in the return were actually taken by the officers, among them a handsaw, a file, babbitt metal, two small iron bars and a large one, some keys, a made-over still, some pint bottles of liquor, a Victrola and thirteen or fourteen records, some tableware, a revolver, shotgun, a knife, and some other articles.

An indictment was returned against Reid at the October term charging him with burglary and the larceny of two hundred pounds of sugar, some articles of canned goods, a piece of bacon, a piece of ham, a piece of cheese, two pounds of butter and five boxes of shotgun cartridges. Before the trial Reid presented a petition to the court setting forth the search of his premises under the search warrant, which he alleged was void, and asking that the evidence secured under the search be suppressed and the prosecution prohibited from offering it in evidence and that the articles taken be returned to him. There was a hearing on the petition and evidence introduced and the court denied the petition. On the trial the prosecution was permitted to prove all that occurred on the occasion of the search under the warrant and to introduce in evidence as exhibits various of the articles taken in that search, among which were a number of articles not of the kind stolen and which had not the remotest connection with the offense charged.

The search warrant was issued without an affidavit and did not describe either the place to be searched or the things to be seized, and was therefore void. It was error to permit the articles taken on the search to be used as exhibits

or to permit the introduction of evidence obtained by means of the search. *People* v. *Brocamp,* 307 Ill. 448; *People* v. *Castree,* 311 id. 302; *People* v. *Prall,* 314 id. 518.

The argument that the plaintiff in error invited the search and therefore cannot complain of it is not sustained by the record. His statement, "I am innocent," or "everything is mine," followed by the words, "help yourselves," was not an invitation and did not indicate a voluntary submission to the search. The sheriff had no right to make the search, but when he came to the plaintiff in error's shop with a deputy and another assistant and served a warrant on him the plaintiff in error was not bound to know that the warrant was illegal and object to and resist its execution or be held to have waived his constitutional right to be free from the unlawful search.

It is unnecessary to discuss the other errors alleged.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*