## MENO v. STATE OF INDIANA.

[No. 24,339.    Filed July 3, 1925.    Modified and rehearing denied November 20, 1925.]

1. INTOXICATING LIQUORS.—*Affidavit charging that defendant unlawfully kept liquor with intent to sell or otherwise dispose of it held sufficient.*—An affidavit charging that defendant unlawfully kept intoxicating liquor with intent to sell, barter, give away, furnish, exchange, and otherwise dispose of it sufficiently describes his acts that a finding or verdict of guilt will support a judgment. p. 21.

2. INDICTMENT.—*Not necessary to plead evidentiary facts; ultimate facts are all that are required to be pleaded.*—It is not necessary to plead evidentiary facts in charging an offense; the ultimate facts are all that are required to be pleaded. p. 21.

3. INDICTMENT.—*Charging two or more distinct acts in one count does not render the indictment or affidavit defective when each of such acts constitutes a criminal offense defined in the same statute.*—An indictment or affidavit is not defective because it charges two or more distinct acts in one count, where each of such acts constitutes a criminal offense as defined in the statute. p. 21.

4. INTOXICATING LIQUORS.—*Affidavit charging maintenance of liquor nuisance need not particularly describe the location of the nuisance; to allege that the offense was committed in the county is sufficient.*—An affidavit charging the maintenance of a liquor nuisance need not describe the location of the nuisance further than to allege that it was within the county. p. 22.

5. INTOXICATING LIQUORS.—*In prosecution for unlawfully keeping intoxicating liquor with intent to sell, for having possession of a still and for maintaining liquor nuisance, unconstitutionality of statutes defining last two offenses was immaterial where there was ample evidence to sustain the first offense and the verdict was general.*—In a prosecution for unlawfully keeping intoxicating liquor with intent to sell, for having possession of a still for the manufacture of intoxicating liquor and for maintaining a liquor nuisance, the unconstitutionality of the statutes defining the two last-named offenses

was immaterial where there was ample evidence to sustain the first offense and a general verdict of guilty, as it would be upheld under that part of the statute defining the offense of keeping intoxicating liquor with intent to sell. p. 22.

6. CRIMINAL LAW.—*General verdict of guilty presumed to be on good count where there are both good and bad counts.*—Where an affidavit consists of two or more counts, one good and the other or others bad, a general verdict without designating the particular count on which it is based, will be presumed to be on the good count, and any error in ruling on any other count will be disregarded. p. 22.

7. CONSTITUTIONAL LAW.—*Constitutional questions not considered on appeal when case can be disposed of on other grounds.* —Appellate tribunals will not decide constitutional questions when the case under consideration can be disposed of on other grounds. p. 22.

8. SEARCHES AND SEIZURES.—*Invitation to search a person or his possessions must be free from coercion, duress or fraud.*— An invitation to search one's person or possessions and seize the person or property must be free from any coercion, duress or fraud. p. 23.

9. SEARCHES AND SEIZURES.—*Acquiescence in command of officer authorized by search warrant to search the premises is not an invitation to do so.*—One who, upon the command of an officer authorized by a search warrant to enter and search the premises, admits the officer and complies therewith, is but showing regard for the supremacy of the law, and such action does not constitute an invitation. p. 23.

10. SEARCHES AND SEIZURES.—*Defendant's language did not constitute an invitation to search his premises or a waiver of his constitutional rights.*—Where officers authorized by a search warrant to search defendant's premises informed him that they had such warrant, to which he responded "All right, go right on, * * * search all you want to," the language used did not constitute an invitation to search or a waiver of his rights under the constitution against unreasonable searches and seizures. p. 23.

11. SEARCHES AND SEIZURES.—*Absence of name of affiant in copy of affidavit attached to a search warrant does not destroy its legality.*—Absence of name of affiant in the copy of the affidavit attached to a search warrant, it being the affidavit on which the warrant was issued, was not a fatal defect which would destroy its legality. p. 25.

12. SEARCHES AND SEIZURES.—*On question of validity of search warrant, state has burden of showing compliance with all con-*

*stitutional and statutory requirements.*—When the question of the validity of a search warrant is properly raised, the burden is on the state to show that all constitutional and statutory requirements have been complied with. p. 25.

13. CRIMINAL LAW.—*Juror not permitted to impeach his verdict in support of motion for a new trial.*—A juror will not be permitted to impeach his verdict, either by affidavit or oral testimony, in support of a motion for a new trial. p. 26.

14. CRIMINAL LAW.—*Objections to evidence not set out in appellant's brief not considered on appeal.*—Objections to evidence not set out in appellant's brief will not be considered on appeal. p. 26.

15. CRIMINAL LAW.—*Instructions given held harmless where evidence so conclusive of guilt that no other verdict could be returned.*—Error, if any, in instructions *held* harmless, where, under the evidence, the jury could not have returned any other than verdict of guilty. p. 26.

16. CRIMINAL LAW.—*Overruling motion in arrest of judgment harmless error when affidavit contains one good count and verdict was on that count.*—Overruling a motion in arrest of judgment is harmless error when the affidavit charging the offense contains one good count and the verdict, being general, is conclusively presumed to have been rendered on that count, regardless of the sufficiency of the other counts. p. 27.

17. CRIMINAL LAW.—*Errors not prejudicial to defendant's rights are disregarded on appeal.*—Errors which did not prejudice the substantial rights of the defendant are disregarded on appeal. p. 28.

From Washington Circuit Court; *James L. Tucker,* Judge.

Thomas Meno was convicted of selling intoxicating liquor, and he appeals. *Affirmed.*

*Robert L. Mellen, Logan R. Browning* and *Shea & Hottel,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

TRAVIS, J.—This was a prosecution based upon an affidavit in four counts. The first and fourth counts charged, as to the first count, the unlawful manufacture, transportation, and possession of intoxicating liq-

uor, the keeping intoxicating liquor with intent to sell, barter, give away, furnish, exchange, and otherwise dispose of the same; and, as to the fourth count, the unlawful possession of a certain still, device and property for the manufacture of intoxicating liquor intended for use in violation of the laws of this state, in violation of amended section four; the second count charged the violation of section fifteen; the third count charged the unlawful maintaining and assisting in maintaining a common nuisance, a room, house, etc., where intoxicating liquors were unlawfully sold, bartered, given away, manufactured and delivered, and where persons were permitted to resort for the purpose of drinking such intoxicating liquors, and that intoxicating liquors were kept in such house and room and that defendant used the same in maintaining such place, in violation of section twenty, of the prohibition law, Acts 1921 p. 736, §8356d Burns' Supp. 1921; Acts 1917 p. 15, §8356o Burns' Supp. 1921; and Acts 1917 p. 15, §8356t Burns' Supp. 1921, respectively.

Count two which charged the unlawful possession of intoxicating liquor received from a carrier in this state, was dismissed after the close of the evidence and before the argument to the jury was commenced. The jury returned a general verdict of guilty by which it fixed appellant's punishment at a fine of $500 and that he be imprisoned in the Indiana State Farm for one hundred eighty days, from which appellant appeals.

The errors assigned and which are relied upon to reverse the judgment are: (a) Overruling appellant's separate and several motion to quash each count of the affidavit; (b) overruling the motion for a new trial; (c) overruling motion in arrest of judgment.

The causes for a new trial which are relied upon in appellant's brief are: (a) The verdict is not sustained by sufficient evidence; (b) the verdict is contrary to

law; (c) error in the admission of, and refusal to exclude, evidence; (d) error in giving instructions.

The scene of this action lies in the village of Reed's Station, Lawrence county, in the small dwelling, the barn, and outbuildings situate therein, where the illicit intoxicating liquor and part of a still were found. The chief of police of Bedford, sheriff, and federal prohibition officer, armed with a search warrant, on a Sunday afternoon, went to the premises named. They found the ground floor front room of the dwelling was used for a dry beer saloon, which was fitted with a bar, drinking glasses, cash register, and a stock of pop and dry beer in cases. A part of the second floor was used for gambling rooms. At the time of arrival of the officers, they found appellant with several men in an upstairs room, some of whom were playing poker. One of the officers informed appellant and the others that they had a search warrant for the search of the premises, to which statement, appellant replied, "All right, go right on. There is nothing about here, go right on and search all you want to," and replied in answer as to whether he had charge of the premises, "I have." Appellant then proceeded with the officers in making the search, in the course of which twenty-one gallons of intoxicating liquor were found in bottles and jugs. Six or eight bottles were found in a wood pile in the cellar of the house. One quart bottle of the liquor was found in a room adjoining the barroom under a bed mattress. Some was found in an outbuilding used as a chicken house, and some was found under a manger in the barn which was a part of the premises. Appellant's father had been sleeping in one of the rooms of the dwelling, and, in answer to a question as to who owned the liquor, appellant said the liquor was his father's, but, before the conversation was completed, stated that the liquor belonged to him. The officers also

found a part of a still, a copper lid to a boiler, and a small copper coil, in a closet under the stairway. Some of the liquor, with the containers, and the return to the search warrant, together with the certified copies of the records of the Lawrence Circuit Court and city court of Bedford of former convictions of appellant for violation of the prohibition law, were admitted over the objection of appellant.

Appellant's motion to quash the several counts of the affidavit for the reasons that they are defective in "not defining the offenses more particularly," and that "no acts of appellant are described" describing how he committed the offense, and "that several distinct offenses are charged with no particular facts alleged," was correctly overruled.

The charge that defendant unlawfully kept the intoxicating liquor with intent to sell, barter, give away, furnish, exchange, and otherwise dispose of it,

1. is a sufficient description of his acts in violation of the law, and with such particularity that a finding or verdict of guilty of the offense will support a judgment. *Lipschitz* v. *State* (1912), 176 Ind. 673, 96 N. E. 945.

The objection that no acts of appellant are described showing how he committed the offense cannot be sustained, for the reason that to so hold would be

2. to hold it necessary to plead evidentiary facts. The ultimate facts are all that are required in pleading an offense.

The objection that several distinct offenses are charged in count one is not well taken. It has been held that a count of affidavit which charges an

3. offense is not erroneous because it charges two or more distinct acts in violation of the statute, which acts are designated therein. Bishop, New Criminal Law §436; *Lennard* v. *State* (1921), 191 Ind. 371,

132 N. E. 677; *Howard* v. *State* (1921), 191 Ind. 232, 131 N. E. 403.

Objection is made that the third count, which charges the maintenance of a common nuisance, does not designate the place and describe the location of the alleged nuisance with certainty. "Place," as contemplated by appellant in his objection, is not the essence of the offense. To allege the commission thereof as having taken place in the county is sufficient. *Donovan* v. *State* (1908), 170 Ind. 123, 83 N. E. 744.

Finally, appellant says that his motion to quash ought to have been sustained, because §20, and that part of amended §4 which makes it an offense to have or possess any still for the manufacture of liquor intended for use in violation of the laws, are unconstitutional. Appellant does not challenge the constitutionality of that part of §4 of the prohibition law enacted in 1917, re-enacted by amended §4, so that, a verdict of guilty of unlawfully keeping such intoxicating liquor with intent, etc., would be valid under amendatory act of legislature of 1921. It is to be remembered that the verdict was general. Under a prosecution for violation of §§4 and 20, a judgment on a general verdict of guilty is not erroneous. *Barksdale* v. *State* (1919), 189 Ind. 170, 125 N. E. 515.

Appellant is charged with three offenses in three separate counts. If it be granted that two of the counts were based upon statutes or parts of statutes that are unconstitutional, and that one count stated an offense, in considering alleged error in overruling the motion to quash the affidavit, it will be presumed that the general verdict of guilty is based upon the good count of the affidavit. *Stucker* v. *State* (1908), 171 Ind. 441, 84 N. E. 971; *Wallace* v. *State* (1920), 189 Ind. 562, 128 N. E. 604; *Walker* v. *State* (1924), 194 Ind. 402, 142 N. E. 16; *Barksdale* v. *State*,

*supra.* The conviction in this case can be upheld, in so far as it is necessary that it be based upon a good count of the affidavit, for the first count, charging the keeping, etc., with intent, etc., was good as against the motion to quash. It follows, considering alleged error at the trial, and the verdict being general, that the verdict was a conviction upon the good count only. So, it being possible to decide this case upon other than constitutional grounds, the court will not consider the constitutional questions. It may be stated as a general rule that appellate courts will not decide constitutional questions when the case under consideration can be disposed of upon other grounds. *Regadanz* v. *State* (1908), 171 Ind. 387, 393, 86 N. E. 449; *McElwaine-Richards Co.* v. *Wall* (1905), 166 Ind. 267, 76 N. E. 408; *White* v. *Sun Publishing Co.* (1905), 164 Ind. 426, 73 N. E. 890; *Chicago, etc., R. Co.* v. *Railroad, etc., Com.* (1907), 39 Ind. App. 358, 79 N. E. 927. The judgment being upheld upon the count held good, and to which no constitutional question is raised, there is no imperative necessity that the constitutional questions be considered in order to decide the case at bar. *Grand Lodge, etc.,* v. *Clark* (1920), 189 Ind. 373, 127 N. E. 280, 18 A. L. R. 1190; *Poer, Trustee,* v. *State, ex rel.* (1918), 188 Ind. 55, 121 N. E. 83; *Hunt* v. *State* (1917), 186 Ind. 644, 117 N. E. 856; *School City* v. *Harrison School Tp.* (1916), 184 Ind. 742, 112 N. E. 518; *Shafer* v. *Shafer* (1914), 181 Ind. 244, 104 N. E. 507.

Appellant attacks the legality of the search warrant, by the authority of which the building and premises were searched, which resulted in the finding of the intoxicating liquor, for which reason, he assigns the error that the evidence obtained thereby is not sufficient to sustain the verdict. Appellee meets this proposition with the claim that even though the search warrant was illegal, which is not admitted,

appellant invited the search by the quoted words hereinbefore given, from which it must be concluded that the articles found in the search and introduced in evidence, together with the evidence of the officers concerning the search, are sufficient to sustain the verdict. An invitation to search one's person or possessions, and seize a person or property, under the constitution, must be free from any coercion, duress, or fraud. One who, upon the command of an officer authorized to enter and search and seize by search warrant, opens the door to the officer and acquiesces in obedience to such a request, no matter by what language used in such acquiescence, is but showing a regard for the supremacy of the law. Such actions do not constitute an invitation. The presentation of a search warrant to those in charge at the place to be searched, by one authorized to serve it, is tinged with coercion, and submission thereto cannot be considered an invitation that would waive the constitutional right against unreasonable searches and seizures, but rather is to be considered a submission to the law. It is therefore held that the contention of the state that the acts and language of appellant at the time the officer informed him that he had a search warrant to search the house and premises is not well founded and such acts and language did not constitute an invitation to search, or a waiver of his rights under the constitution against searches and seizures. *Amos v. United States* (1920), 255 U. S. 313, 41 Sup. Ct. 266, 65 L. Ed. 654; *Dukes v. United States* (1921), (C. C. A.), 275 Fed. 142; *United States v. Kelih* (1921), 272 Fed. 484; *United States v. Slusser* (1921), 270 Fed. 818; *Morton v. State* (1924), 101 So. (Miss.) 379; *Smith v. State* (1923), 133 Miss. 730, 98 So. 344; *People v. Reid* (1925), 315 Ill. 597, 146 N. E. 504; *State v. Luna* (1924), 266 S. W. (Mo.) 755; *State v. Lock* (1924), 302 Mo. 400, 421, 259 S. W. 116.

Upon the legality of the search warrant, appellant says that the search warrant was defective and illegal for the reason that, as shown by the evidence, the copy of the affidavit upon which the magistrate based his judgment to issue the warrant, and which was copied upon the paper preceding the warrant for the search and seizure, did not at the time it was issued have the name of the affiant copied with the affidavit. No excuse is shown by the evidence why the magistrate in copying the affidavit failed to also copy the name of the affiant thereto. The evidence does disclose that the affiant, who was the officer into whose hands the warrant was given, wrote his own name as the affiant to the copy of the affidavit. Whether this was done prior or subsequent to the time when the warrant was placed in the hands of the officer is not an evidentiary fact. The evidence disclosed that the affidavit upon which the warrant was issued was filed with the magistrate, but, at the time of the trial, could not be found in his office. The absence of the name of the affiant in the copy of the affidavit, upon which the warrant was issued, is not a defect that is fatal to the warrant and which would thereby destroy its legality. The affidavit or a copy thereof is no part of the warrant. At best it is nothing more than a transcript of the proper showing upon which the warrant is based, which is some information to the person against whose property the warrant is directed as to its legality. But a failure to copy the record correctly in all particulars ought not, unless the law so specifies, to be sufficient to destroy the force and effect of the warrant. The question concerning the legality of the search warrant arose under the objection by appellant to the introduction of evidence offered by appellee of the things searched for and found, and also of evidence concerning the original affidavit. The attack here is not against

the search warrant; there was not a motion to quash the writ.   When the question of the validity of the search warrant is properly raised, and which questions the finding of probable cause upon which the writ rests, it is for the state to show that all the constitutional and statutory requirements had been complied with.   The copy of the affidavit appended to the writ was sufficient to meet the objection that affiant's name was not copied with it by the magistrate at the time he issued the writ.   The objection was properly overruled.   *State* v. *Blumenstein* (1925), 186 Wis. 428.

It is claimed that the verdict is contrary to law for the reason that three jurymen disregarded the instructions of the court without good and sufficient reason, as disclosed by their separate affidavits to that effect, which were filed with the motion for a new trial.   This question will not be considered for the reason that a juror will not be permitted to impeach his verdict, either by affidavit or oral testimony, in support of a motion for a new trial.   *Houk* v. *Allen* (1890), 126 Ind. 568, 25 N. E. 897.

Appellant claims error in the introduction of certain evidence over his objection.   The court cannot consider the question for the reason that the objections are not set out in appellant's brief.   *Totten* v. *American R. Express Co.* (1922), 78 Ind. App. 202, 135 N. E. 152; *Union Traction Co.* v. *City of Muncie* (1921), 80 Ind. App. 260, 133 N. E. 160; *Robinson* v. *State* (1916), 185 Ind. 119, 113 N. E. 306; *American Fidelity Co.* v. *Indianapolis, etc., Fuel Co.* (1912), 178 Ind. 133, 98 N. E. 709.

Error is predicated upon the giving to the jury of each of six instructions tendered by the state, and appellant says that the giving of each of these instructions was reversible error.   Upon a careful consideration of these instructions with the other

instructions given by the court, and also the convincing evidence of the defendant's guilt, which was uncontradicted by any evidence offered in his behalf, we are irresistibly led to the conclusion that the defendant was guilty under the affidavit. The jury could not have been misled and have returned any other than a verdict of guilty when taking into consideration the testimony that twenty-one gallons of whisky were found concealed in and about the buildings and premises which appellant admitted were being operated by himself, and that, at the time of the search and seizure on Sunday afternoon, the soft drink saloon was in operation with full equipment, and that a quart of whisky was found within a few feet of the bar under a bed mattress, and that appellant was in an upstairs room which was being then operated as a gambling place. Under all the instructions given by the court, it would have been necessary for the jury to have reached a verdict of guilty. *Mason* v. *State* (1908), 170 Ind. 195, 203, 83 N. E. 613; *Long* v. *State* (1922), 192 Ind. 524, 137 N. E. 49.

Appellant maintains that his motion in arrest of judgment was erroneously overruled, for the reasons that each of the counts of the affidavit was insufficient to support a judgment rendered thereon, and for other causes which do not come within the statute in relation to motions in arrest. Counsel for appellant earnestly contend that the general verdict is a finding of guilty upon each count of the affidavit, for which reasons, some of the counts being bad, by just as earnest a contention, they claim the verdict could not stand and the judgment should be arrested. Even though it may be admitted for the sake of considering this motion that counts three and four are bad, count one being held to be good, the same rule must apply in deciding the question of the sufficiency of the criminal charge when attacked by a motion in

arrest of judgment as when attacked by a motion to quash. It is not necessary to enter into the consideration of the third and fourth counts of the affidavit in relation to the motion in arrest. The verdict being general and not addressed to any particular one of the counts, and the evidence fully sustaining the charge in the first count, even though counts three and four be bad, appellant is afforded no available error, for the reason that the general verdict will be conclusively presumed to be upon the good count, so that even though it were error to overrule his motion in arrest, it would be harmless. *Stucker* v. *State, supra.*

In the opinion of the court, the verdict of guilty is sustained by the facts proved by undisputed competent evidence, and the verdict was neither induced by, nor did it depend upon, the instructions complained of.

The errors committed by the trial court did not prejudice the substantial rights of the defendant, and therefore will be disregarded. *Walker* v. *State, supra; Mason* v. *State, supra.*

Judgment affirmed.