## TERRELL *v.* STATE OF INDIANA.

[No. 13,701.   Filed August 28, 1929.   Rehearing denied November 12, 1929.]

*Fred N. Fletcher* and *Willis Williams*, for appellant.
*James M. Ogden*, Attorney-General, and *Merl M. Wall*, Deputy Attorney-General, for the State.

REMY, J.—Appellant was convicted of the offense of maintaining a common nuisance in violation of §24 of the act of 1925 (Acts 1925 p. 144, §2740 Burns 1926), which provides: "Any room, house, building, boat, structure, or place of any kind where intoxicating liquor is sold, manufactured, bartered, or given away in violation of law, or where persons are permitted to resort for the purpose of drinking intoxicating liquor as a beverage, or any place where such liquor is kept for sale, barter or gift in violation of the laws of this state, and all intoxicating liquor, and all property kept in and used

in maintaining such a place, are hereby declared to be a common nuisance; and any person who maintains, or assists in maintaining such common nuisance shall be guilty of a misdemeanor," etc.

Alleged errors properly assigned on appeal are: (1) Overruling motion to quash indictment; and (2) overruling motion for new trial.

Omitting formal parts, the indictment charged that appellant, in Lawrence county, State of Indiana, "did then and there unlawfully maintain a common nuisance, to wit, a place where intoxicating liquors were then and there sold, . . . and where persons were then and there permitted to resort for the purpose of drinking intoxicating liquor as a beverage, and where intoxicating liquor was then and there kept for sale," etc.

Objection to the indictment, raised by the motion to quash, is that the "place" referred to is not described nor located with sufficient certainty. The objection cannot be sustained. The place or the particular location of the premises is not, under the statute, an essential element of the offense. The acts complained of are alleged to have occurred in Lawrence county, and the offense is charged substantially in the language of the statute. The question has been decided adversely to appellant's contention. *Meno* v. *State* (1925), 197 Ind. 16, 164 N. E. 93; *Donovan* v. *State* (1908), 170 Ind. 123, 83 N. E. 744.

The only reason for a new trial presented by appellant, which will require consideration, is the sufficiency of the evidence. Appellant operated a grocery store and soft-drink place in a storeroom connected with his residence.

2. Four witnesses, residents of the immediate neighborhood of the store, testified that the place kept by appellant had the reputation of being a place where intoxicating liquors were sold, and where persons congregated for the purpose of drinking intoxicating

liquors. Several witnesses testified that they had, at different times, seen persons emerging from the place in what appeared to be an intoxicated condition; others, that they had seen persons on the premises drinking intoxicating liquor. Two witnesses testified that they had drunk intoxicating liquor on the premises; one, that he had drunk there in the presence of appellant. The evidence also shows that patrons of appellant's place brought intoxicating liquors there which were drunk upon the premises. The testimony was limited to a period of two years immediately prior to the time charged in the indictment.

There is abundant evidence to support the court's decision.

Affirmed.