[For collateral proceedings in this litigation, see note to Case No. 10,814.]

## Case No. 10,817.

### In re PATTERSON.

[2 Ben. 155; 1 1 N. B. R. 307 (Quarto, 58); 15 Pittsb. Leg. J. 241.]

District Court, S. D. New York. Feb. 17, 1868.

BANKRUPTCY—FRAUDULENT DEBT—JUDGMENT—ARREST.

1. Where a judgment by default was rendered against a bankrupt in a state court, on a complaint which showed that the debt, which the suit was brought to recover, was contracted by fraud, *held*, that the question, whether the debt represented by the judgment was created by the fraud of the bankrupt, was concluded by the judgment.

[Cited in Hazleton v. Valentine, Case No. 6,287; Re Sidle, Id. 12,844; Re Wright, Id. 18,065.]

2. Under the thirty-third section of the bankruptcy act [of 1867 (14 Stat. 533)], the judgment would not be affected by the discharge, any more than the debt which it represented.

[Cited in Warner v. Cronkhite, Case No. 17,180.]

[Cited in Donald v. Kell, 111 Ind. 3, 11 N. E. 783; Oarit v. Williams, 74 Cal. 186, 15 Pac. 752; Wade v. Clark, 52 Iowa, 159, 2 N. W. 1040.]

3. The bankrupt, therefore, was not exempt from arrest on an execution issued on the judgment in question.

On the 8th of November, 1866, one Shepard recovered a judgment against [Charles G. Patterson] the bankrupt, in the superior court of the city of New York, for $515.99, on his default for want of an answer, the summons and complaint in the action having been served on him personally, on the 8th of May, 1866, in the city of New York. The complaint set forth that, on the 9th of April, 1858, Shepard advanced to the bankrupt $500, for the express purpose of buying and paying for some goods, to be shipped to another person, and the bankrupt received that sum from Shepard in a fiduciary capacity, as the agent of Shepard, to buy, pay for, and ship the goods, and agreed to collect the bill for the goods and refund the money to Shepard; and that the bankrupt did not use the money for that purpose, but fraudulently misapplied it, and had never refunded it. On the 25th of June, 1867, the bankrupt filed his petition in bankruptcy, and was adjudicated a bankrupt on the 12th of September, 1867. He now represented to the court that, on the 29th of January, 1868, Shepard issued to the sheriff of the city and

---

2 [From Bankr. Reg. Supp. 33.]

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

county of New York an execution on said judgment, commanding him to arrest the bankrupt and commit him to jail until he should pay the judgment or be discharged according to law, and that the execution was in the hands of the sheriff, and he was about to arrest the bankrupt on it. On these facts, the bankrupt asked this court to enjoin the sheriff from arresting the bankrupt on the execution during the pendency of the proceedings in bankruptcy.

Sandford, Le Baron & Porter, for bankrupt.

E. F. Shepard, for creditor. .

BLATCHFORD, District Judge. It is claimed, on the part of the bankrupt, that the judgment in question is a debt which will be discharged by a discharge under the act; that the original cause of action was merged in the judgment; that the judgment is now the only debt; that it cannot be said, under section 33 of the act, that the debt was created by fraud, because the original claim, though created by fraud, was extinguished by the judgment, and the fraud disappeared when the judgment was obtained; that the judgment alone, and not the claim created by fraud, is provable under the act; that, as the judgment is provable, a discharge will discharge it; that, therefore, the bankrupt is, by the last clause of section 26, exempt from arrest on the judgment during the pendency of the proceedings in bankruptcy; and that, under section 21, the court can enjoin an execution on the judgment.

I cannot assent to these views. The question as to whether the debt which is represented by the judgment was created by the fraud of the bankrupt, I regard as concluded by the judgment. It was recovered in a court of competent jurisdiction, on the personal service of a complaint setting forth all the facts making up the fraud. The question is, therefore, res adjudicata, as between the parties to the judgment, who are the same parties now before this court.

The only other question is, whether the debt is one excepted by section 33 of the act, from the operation of a discharge. That section provides, that "no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged under this act." It is claimed by the bankrupt that, the debt in this case being in the shape of a judgment, this court cannot, in applying the thirty-third section, go behind the judgment, to see whether the claim on which the judgment was recovered was created by fraud; that the judgment, which is now the only debt, was created by the claim, and not by the fraud, and that, although the judgment was created by the claim and the claim by the fraud, yet the judgment was not created

by the fraud. This view is unsound. Wherever the debt, no matter whether it be in the shape of a judgment or in any other form, was created by fraud, had its root and origin in fraud, there it is not to be discharged. To hold that the recovery of a judgment in an action where the gravamen of the complaint is fraud, condones that very fraud, by so merging the original claim, that the judgment cannot be said to be a debt created by the fraud set out in the complaint as the ground for recovering the judgment, would fritter away entirely the good sense and plain intention of the thirty-third section. The case of Bangs v. Watson, 9 Gray, 211, cited to sustain this view, does not, in my judgment, support it, and I have been referred to no case which leads to any such conclusion.

The debt, in this case, not being one to be affected by a discharge, the bankrupt is not exempt from arrest upon it, and the application is denied.

[For collateral proceedings in this litigation, see note to Case No. 10,814.]