JAMES REID AND ANOTHER, RESPONDENTS, v. MICHAEL MARTIN, APPELLANT.

*Goods sold on credit — if sale is induced by fraud, action may be brought at once — in such case the fraud is a material issue — Order of arrest.*

When goods are sold on credit, if the sale be induced by fraudulent misrepresentations, suit for the value may be commenced before the termination of the period of credit. In such action the question of fraud is material to the issue, and the judgment recovered therein will not be deemed to have been recovered in an action on contract.

Appeal from an order made by honorable Justice Donohue, November 27, 1874, denying a motion for the discharge of the defendant from imprisonment on execution, and for a perpetual stay.

The action was brought to recover the value of certain liquors sold to the defendant, and, on the 19th day of February, 1870, by virtue of an order of arrest therein, defendant was arrested by the sheriff of Dutchess county. That order was obtained on the ground, among others, that the defendant had been guilty of a fraud in contracting the debt. Copies of the affidavits used to procure the arrest were served upon the defendant. On May 27, 1872, defendant filed a petition in bankruptcy.

On the 11th day of June, 1872, judgment was entered herein against the defendant, and, execution thereon against his property having been returned unsatisfied, execution was issued against the person of defendant, which was returned " not found."

On February 6, 1873, defendant was discharged in bankruptcy, and the debt in question is claimed to have been covered by such discharge.

Defendant gave bail on his arrest, and, after the return of the latter execution, an action was commenced against the bail, who were finally permitted to surrender the defendant to the sheriff in their exoneration.

*W. S. Palmer*, for the appellant. If the proceedings in bankruptcy operated to discharge this debt, the motion is a proper one. The discharge being obtained after judgment, it was too late to plead. (*Monroe* v. *Upton*, 50 N. Y., 593.) This debt is discharged unless it was fraudulently contracted. (Bankrupt Act, §§ 33, 34.) All the allegations of the complaint, charging fraud, are wholly irrelevant and immaterial; the complaint is essentially one for goods sold and delivered, without a single characteristic of a complaint for fraudulently obtaining goods. This position is sustained by a uniform current of authorities. (*Roth* v. *Palmer*, 27 Barb., 652; *Kayser* v. *Sichel*, 34 id., 84; *Wright* v. *Campbell*, 21 How., 9; *Weigand* v. *Sichel*, 33 id., 174; *Williams* v. *Tilt*, 36 N. Y., 319, 323.) The rule is unqualified, that the only matters established by the judgment are those which the plaintiff must have

proved to make out his case. (*Edward* v. *Gardner*, 45 N. Y., 349; *Wood* v. *Henry*, 40 id., 124; *Church of Redeemer* v. *Crawford*, 14 Abb. [N. S.], 200.) If a body execution would lie, it is because the judgment established a fraud — if not, because the judgment established no such thing. If there was any tort they have waived it. Having made their election they are bound by it. (*Lane* v. *Beam*, 19 Barb., 51.) There have been no laches. (*Monroe* v. *Upton*, 50 N. Y., 593.)

*Wm. P. S. Melvin*, for the respondents. The action is founded in fraud, from which the bankrupt's discharge will not release him. (*In re Kimball*, 1 Nat. Bankr. Reg., 193; *In re Louis Glazer*, id., 336; *In re Whithouse*, 4 id., 15.) And the honorable justice, before whom the motion was heard, from the decision in which this appeal is taken, says: "By the express terms of the bankrupt act, no debt contracted by fraud shall be discharged by the act. The act does not put the denial on the shape in which the debt is; it puts it on the ground of the character of its contraction." (*In re Paterson*, 1 Nat. Bankr. Reg., 307; *In re Robinson*, 2 Nat. Bankr. Reg., 341; *Dresser* v. *Brooks*, 3 Barb., 429; *Clark* v. *Rowling*, 3 N. Y., 216; *Monroe* v. *Upton*, 50 id., 593.) If the court can gather from the complaint and affidavits on arrest a state of facts which disclose a fraud in the creation of the debt, that is sufficient. (*In re Kimball*, 1 Nat. Bankr. Reg., 193; *Stewart* v. *Emerson*, 8 id.; *In re Simpson*, 2 id., 18.)

DAVIS, P. J.:

The motion was denied by the court below solely on the ground that the debt for which the judgment was recovered, was not discharged by the decree in bankruptcy, because it was contracted by fraud. Section 33 of the act of congress, known as the bankruptcy act, declares that "no debt created by the fraud * * * of the bankrupt * * * shall be discharged under this act, but the debt may be proved, and the dividend thereon shall be a payment on account of said debt."

The federal courts sitting in bankruptcy, have given this section a construction consistent with the manifest intention of congress. "Whenever the debt," says BLATCHFORD, J. (*In re Paterson*, 1

Nat. Bankr. Reg., 307), " no matter whether it be in the shape of a judgment or in any other form, was created by fraud and had its root and origin in fraud, then it is not to be discharged." We are to look, therefore, on such motions as this, to the origin of the indebtedness, and if, in so doing, we clearly see that the debt was created in fraud, we must hold the discharge to be inoperative to extinguish it, and that the creditor is entitled to all the remedies given him by the laws of the State in which his action may be prosecuted, or his judgment recovered.

In this case it is insisted that fraud is not the subject-matter of the action, and that therefore all the allegations of the complaint tending to show fraud in the creation of the debt, are immaterial, and that no issue could have been taken upon them, and therefore the judgment cannot be held to have determined anything in respect of them. It is true the complaint in this action is upon contract for the purchase-price of goods sold and delivered ; but that fact is by no means conclusive upon the question whether or not the debt was created by fraud. It is well settled, that where goods are sold upon credit, if it appear, before the term of credit has expired, that the sale and credit have been procured by the fraud of the purchaser, the seller is not bound to wait for the expiration of the credit, but may instantly sue upon an implied promise to pay forthwith the value of the goods, and recover upon proof of the fraudulent acts or representations. The fraud is, in such case, necessarily involved in the issue as part of the evidence necessary to establish the right of recovery. Under the former system it would not be set forth in the pleadings, which would usually and might always have been simply the common counts *in indebitatus assumpsit.* · Under the present system, the assertion of such allegations in the complaint, if unnecessary, would not be prejudicial to the defendant, and after issue of fact joined as in this case, would be obnoxious to no objection on the part of the defendant. In this case the plaintiffs sue for the whole purchase-price of the goods sold, and they show on the face of their complaint that the sale was made upon credit, payable by installments, varying from thirty days to four and one-half months from the date of the sale. The full term of credit had not expired when they brought their suit for the whole amount, and hence, as one

ground entitling them to an immediate recovery, they allege that they were induced to make the sale by certain false and fraudulent representations made by defendant, on the faith of which they relied. After issue joined, and judgment rendered upon such pleadings, it will hardly do to hold that the record shows that the recovery was upon a simple contract for a debt not created by fraud. But it appears by the papers that an order of arrest was made by one of the justices of this court, upon affidavits showing the case to be one within section 179 of the Code of Procedure. The affidavits upon which this order was founded, are brought before us without objection by the respondent, and it is fair to presume that they were also before the special term. The defendant was arrested on the order and gave bail, as is stated in his own affidavit. The affidavits abundantly show that the *debt was created by fraud*. There is no merger of the fraud in the judgment, so that the plaintiffs are precluded from establishing that fact. Their right to imprison the debtor may depend upon their ability to show an order of arrest, founded upon affidavits sufficient to give jurisdiction to make the order; and whenever a discharge after arrest is sought for, upon any ground which involves the power to enforce the judgment by that remedy, we think it competent to meet the effort by showing not only the primary order, but that the debt which has ripened into judgment, was created by fraud.

We are of opinion that it does appear that the debt in this case was one that is not discharged by the decree in bankruptcy and the bankrupt's discharge granted thereon. The order should be affirmed, with ten dollars costs, besides disbursements.

BRADY and DANIELS, JJ., concurred.

Ordered accordingly.