# Richmond.

## GIBSON AND WIFE v. GREEN'S ADM'R ET ALS.

### January 5th, 1893.

1. TRUST DEED—*Judgment—Merger—Statute of limitations—Lapse of time.*—
A bond is secured by trust deed. Later a judgment is rendered on the
bond. The time prescribed by the statute of limitations for barring
a judgment has elapsed. A bill is filed to enjoin the sale of the trust
property, on the ground that the debt in the deed of trust was merged
in the judgment, but there was no mention in the bill of the statute
of limitations.

HELD:

   (1) There was no merger of the debt, but only a change in the form
   of the evidence thereof.

   (2) Statute of limitations cannot be availed of unless pleaded.

   (3) The right to enforce the lien of the trust deed is, in such case,
   not affected, unless there has been a lapse of time sufficient to
   raise presumption of payment. *Paxton* v. *Rich*, 85 Va. 378.

2. RES JUDICATA—*Case at bar.*—Where, in such bill, a re-settlement is
prayed of the accounts of defendant's testator as administrator *de
bonis non*, on the ground of the recent discovery of receipt showing
assets unaccounted for, and it appears that all the parties to said
bill were parties to a former suit against the decedent's administra-
tors, in which it was charged that decedent had not fully accounted
for the assets—

HELD:

   The matters set up in the bill as to the assets are *res judicata.*

3. BILL OF REVIEW.—A bill of review does not lie for the assignee of a
party to the suit in which the decree complained of was rendered.

Appeal from decree of circuit court of Culpeper county,
rendered on the 26th of September, 1888, in a suit in equity
wherein J. C. Gibson and wife, appellants here, were plaintiffs,
and J. Ambler Brooke, administrator *d. b. n. c. t. a.* of John
Cook Green, deceased, and others, were defendants; the case
being as follows:

The appellants, Gibson and wife, filed their bill in May, 1888, for an injunction. The bill states that on the 21st of November, 1867, Mary G. Shackelford, now Mrs. Gibson, and Lucy B. Shackelford executed a deed of trust on a tract of land known as "Cleaveland," situate in Culpeper county, to secure a bond, executed by them, on the same day, to James W. Green, administrator *d. b. n.* of F. J. Thompson, deceased, for $4,002.62; that on this bond judgment was obtained at the September term, 1876, of the circuit court of Culpeper, for the benefit of the executors of John Cook Green, deceased, to whom the bond had been assigned, and that the land had been advertised to be sold for cash by the trustee in the deed of trust. It also avers that the debt originally secured by the deed of trust became merged in the judgment, and that the deed of trust has consequently been extinguished; and on this ground an injunction to prohibit the advertised sale is prayed for.

Afterwards an amended bill was filed, which states that in March, 1886, one Samuel W. Thompson, a distributee, assigned to the female complainant all his interest in the estate of F. J. Thompson, deceased, and that since the filing of the original bill a certain receipt of John Cook Green, as administrator *d. b. n.*, had been found, and placed in the complainants' hands, which shows, it is averred, that a number of bonds and other *choses in action* belonging to the estate went into the administrator's hands, which have not been accounted for. And the prayer of the amended bill is for a re-settlement of the administration accounts, and that the parties entitled to the judgment mentioned in the original bill be required to enforce the lien thereof in the mode provided by law.

The administrator demurred to, and also answered, both the original and amended bills, and also filed a plea of *res judicata.* And when the cause came on to be heard, the injunction pre-

viously awarded was dissolved, and the bills dismissed. From this decree an appeal was allowed by one of the judges of this court.

*J. C. Gibson* and *James Lyons*, for appellants.

*G. D. Gray*, for appellees.

LEWIS, P., delivered the opinion of the court.

In the petition for appeal the point is for the first time made, that not only was the debt secured by the deed of trust merged in the judgment, but that the judgment is barred by the statute of limitations; and on this ground it is contended that the injunction ought to have been perpetuated.

This position is untenable. In the first place, no mention of the statute is made in the pleadings, and nothing is better settled than that the statute, to be availed of, must be pleaded. *Hickman* v. *Stout*, 2 Leigh 6; *Smith* v. *Hutchinson*, 78 Va. 683. Indeed, not only was the statute not relied on in the court below, but the amended bill prays, specifically, that proceedings under the deed of trust be enjoined, and that the parties entitled to the judgment be required to enforce it in the usual way.

It is, moreover, a general rule, universally recognized, that a decree has to be founded on the *allegata* as well as the *probata* of the case; otherwise the pleadings, instead of being a shield to protect parties from surprise, would be a snare to entrap them. *Putnam* v. *Day*, 22 Wall. 60; *Mundy* v. *Vawter*, 3 Gratt. 518; 1 Bart. Ch. Pr. 260.

But, according to the rule established in Virginia, the debt was not merged in the judgment, nor was the deed of trust security, in any way affected by the judgment. Undoubtedly the bond, the original evidence of the debt, was merged in

the judgment, but the character of *the debt* was not changed; *that* remained the same. This court has repeatedly called attention to the distinction between a mortgage, deed of trust, and a vendor's lien, and mere personal securities for the payment of money of any class or grade whatever. And the rule has been recognized that no change in the evidence of the debt, or anything short of actual payment or an express release, will operate to discharge the lien; that the latter remains until the debt is satisfied, and is not affected by a judgment at law merging the original evidence of the debt. 2 Jones, Mortg., sec. 924; *Hanna* v. *Wilson*, 3 Gratt. 2̶3̶2̶; *Coles* v. *Withers*, 33 Id. 186; *Bowie* v. *Poor School Society*, 75 Va. 300; *Stimpson* v. *Bishop*, 82 Id. 190.

Accordingly, it has been expressly decided that although the evidence of the debt has been merged in a judgment, and although the judgment is actually barred by the statute of limitations, yet that the remedy in equity to enforce the lien is not affected by any lapse of time short of the period sufficient to raise the presumption of payment. *Paxton* v. *Rich*, 85 Va. 378; *Bank of Metropolis* v. *Guttschlick*, 14 Pet. 19. The limitation prescribed by section 2935 of the Code of 1887 has no application to the present case.

As to the prayer of the amended bill for a re-settlement of the administration accounts of John Cook Green, deceased, that is fully met by the plea of *res judicata.* The very matters thus sought to be litigated were in issue in the suit of *Thompson* v. *Green's Adm'r et als.*, 84 Va. 376, decided here in January, 1888, to which suit all the parties to the present suit were parties. In that case the bill charged that the administrator had not fully accounted for all the assets that went into his hands, and the circuit court ordered an account, in conformity with the prayer of the bill. But this court, on appeal, reversed the decree, and dismissed the bill, not only on the ground of *laches* and lapse of time, but because

the record itself showed the correctness of the settled accounts. The appellants, having been parties to that suit, are bound by the decree therein, and cannot now, in an independent suit, reopen what was finally settled by that decree.

The result, moreover, would be the same were the amended bill in this case treated as a bill of review, on the ground of newly-discovered evidence. There is no distinct allegation as to when the receipt relied on was first discovered, nor is it alleged that by the use of reasonable diligence it could not have been produced in time to have been used in the original cause; nor does it contain anything which could have produced a different result had it been brought forward in time.

But the amended bill cannot be treated as a bill of review. The female complainant, so far as the prayer for a re-settlement of the administration accounts is concerned, is claiming as the assignee of Samuel W. Thompson, the plaintiff in the Thompson suit, and a bill of review does not lie for assignees. *Thompson* v. *Maxwell*, 95 U. S. 391; *Armstead* v. *Bailey*, 83 Va. 242.

DECREE AFFIRMED.