HUGHES, ADMINISTRATOR, v. YATES ET AL.

[No. 24,722. Filed October 8, 1924.]

1. DESCENT AND DISTRIBUTION.—*Rights of Distributees.*—*Surviving Husband or Wife.*—The whole estate which goes to the widow or widower under §3027 Burns 1914, §2489 R. S. 1881, when the whole amount of property, real and personal, does not exceed one thousand dollars, is only the net estate, or the part which remains after the debts are paid, except such part as may not be liable for debts. p. 187.

2. DESCENT AND DISTRIBUTION.—*Rights of Distributees.*—*Statute.*—Under §2927 Burns 1914, §2405 R. S. 1881, the surplus of the personal estate remaining after debts are paid is to be distributed, and the real estate descends subject to be sold for the payment of debts, if necessary. p. 188.

3. DESCENT AND DISTRIBUTION.—*Rights of Distributees.*—When the statute (§3027 Burns 1914, §2489 R. S. 1881), says: "If a husband or wife die intestate without a child but leaving a father or mother, or either of them, then his or her property, real and personal, shall descend three-fourths to the widow or widower and one-fourth to the mother and father jointly or to the survivor of them; provided that if the whole amount of property, real and personal, do not exceed one thousand dollars, the whole shall go to such widow or widower," it evidently uses the word "whole" in the same sense in the phrase "the whole amount of the property" as when it says the "whole" shall go to the widow or widower. p. 188.

4. DESCENT AND DISTRIBUTION.—*Right of Distributees.*—*Determination of Value of Real Estate.*—The personal estate of the intestate being more than sufficient to pay the debts and expenses of administration and the title to the real estate vesting at once in the heirs upon the death of the decedent, the value of the real estate is its value at that time, and the fact that the real property is sold for less than this amount in a subsequent partition suit does not alter its value. p. 188.

From Wells Circuit Court; *Frank W. Gordon,* Judge.

James Hughes, administrator, filed his final settlement. Yates and others filed exceptions thereto. To special findings of facts and conclusions of law thereon by the court, the administrator excepts and assigns error. (Transferred from the Appellate Court under 1397 Burns 1914.) *Affirmed.*

*Abram Simmons, Charles G. Dailey* and *Virgil M. Simmons,* for appellant.

*A. W. Hamilton, Fred A. Wiecking* and *George Mock,* for appellees.

GAUSE, J.—The appellant, as administrator of the estate of Pearl Hughes, deceased, filed his final settlement, and the appellees filed exceptions thereto.

The court, upon the trial of said issue, at the request of appellant, made a special finding of facts and stated its conclusions of law thereon. Appellant excepted to each conclusion of law and assigns error thereon. From said special finding it appears that the decedent, Pearl Hughes, died intestate and left surviving her, her husband, James Hughes, and the appellees, her father and mother, who are her only heirs. That at the time of her death said decedent was the owner of personal property, which the court found was, at the time of her death, of the gross value of $480.60, and of real estate of the value of $900. That said administrator had paid out in discharge of the debts and expenses of administration the sum of $188.73, and that said administrator had in his hands for distribution to the heirs the balance of said personal estate, to wit, the sum of $219.87. That after the death of said decedent said parents instituted a suit against said husband to partition said real estate, and in said suit the land was ordered sold and the same was sold by a commissioner for the sum of $705. That said commissioner paid out of said purchase money the sum of $66.39 as costs and expenses, and has in his hands for distribution the balance of $638.61.

The court stated as its conclusion upon the foregoing facts that the husband was entitled to three-fourths of the balance of the personal estate in the hands of the administrator, and that the appellees were entitled to one-fourth thereof, or $72.97.

The question to be decided is whether the estate of said decedent amounted to more than $1,000, so that the father and mother would be entitled to share therein, under §3027 Burns 1914, §2489 R. S. 1881.

Appellant contends that it is only the net estate that is to be considered in determining whether it exceeds $1,000, and that since the net personal estate amounts to only $291.87 and the net amount received by the commissioner in the partition proceedings was $638.61, that the total of these two items, to wit, $930.48, is the total amount of the property left by decedent. That since the amount is under $1,000 the husband would take all of the estate under said §3027 Burns 1914, *supra.*

Said section reads as follows: "If a husband or wife die intestate, leaving no child, but leaving a father and mother, or either of them, then his or her property, real and personal, shall descend three-fourths to the widow or widower, and one-fourth to the father and mother jointly, or to the survivor of them: Provided, That if the whole amount of property, real and personal, do not exceed one thousand dollars, the whole shall go to such widow or widower."

It would seem that appellant is right in his contention that it is only the net estate which the decedent left that is to be considered in determining the value thereof under this section. The language of the provision is that if the *whole* amount of property does not exceed $1,000, the *whole* shall go to the widow or widower. The whole estate which goes to the widow or widower is of course only the part which remains after the debts are paid, except such part as may not be liable for debts.

As to the personal estate, the statute (§2927 Burns 1914, §2405 R. S. 1881) provides that it is the surplus remaining after the debts are paid that is to be distrib-

uted, and the real estate descends subject to be sold for the payment of the debts, if necessary. So when the statute says that, *if the whole amount* of property does not exceed $1,000, it evidently uses the word "whole" in the same sense as when it says the *whole* shall go to the widow or widower.

But what was the net value of the property, real and personal, which said decedent left? The special finding is that she left real estate of the value of $900, and a net personal estate of $291.87.

The personal estate was more than sufficient to pay the debts and expenses of administration, so that all of the real estate went to those entitled to it under the statute. The real estate goes directly to the heir, unlike the personal estate, which goes to the personal representatives. See *Hayes* v. *Shirk* (1906), 167 Ind. 569. The title to the real estate vested at once, upon the death of the decedent, in those entitled to it. At this time, the court finds it was of the value of $900. The fact that afterwards, in a partition suit between the owners, it sold for less than this amount, and that there was some expense attached to making the sale, would not alter the fact that they got real estate worth $900, any more than if the owners conveyed the property by deed for a smaller consideration than its true value.

Under the facts found, the net estate of the decedent amounted to $900 real estate and $291.87 personal property, making a total of $1,191.87. It exceeding $1,000, the husband is entitled to three-fourths and the father and mother one-fourth.

It follows that the court did not err in its conclusion of law.

Judgment affirmed.