## GILCHRIST v. COTTON.

[No. 11,940. Filed July 2, 1925.]

1. APPEAL.—*Administrator held not necessary party to appeal from judgment relative to rights of creditor of heir in proceeds of sale of real estate to pay debts.*—The administrator of a decedent's estate was not a necessary party to an appeal from a judgment rendered in his proceeding to sell real estate to pay debts whereby it was adjudged that a creditor of one of the heirs had a lien on his interest in the proceeds, as the administrator was no wise affected by that judgment and is not interested in its affirmance or reversal (*Hughes* v. *Yates*, 195 Ind. 182, distinguished). p. 419.

2. APPEAL.—*Bill of exceptions held to show it contained all evidence given on trial of cause.*—Bill of exceptions held to contain all the evidence given on the trial of the cause so as to authorize the review of ruling on motion for a new trial. p. 419.

3. APPEAL.—*Waiver of grounds assigned for new trial by failing to state any point or proposition relative thereto.*—Failure of appellant to state any point or proposition in his brief in support of grounds assigned in his motion for a new trial constitutes a waiver thereof. p. 420.

4. APPEAL.—*Questions as to admission of evidence not presented unless appellant's brief contains objections to evidence.*—No question is presented as to the admission of evidence where appellant's brief does not state the objections to the admission of such evidence. p. 420.

5. APPEAL.—*Objections to evidence not made in trial court not considered on appeal.*—Objections to evidence not made in trial court will not be considered on appeal. p. 420.

Gilchrist *v.* Cotton—83 Ind. App. 415.

6. JUDGMENT.—*Judgment on judgment merges the latter so that its collection cannot be enforced.*—When a judgment is rendered on a former judgment, the first judgment is merged in the last, and no further action can be taken on the first judgment to enforce its collection by execution, suit or otherwise. p. 421.

7. JUDGMENT.—*Where justice requires it, judgment will be adjudged to be old debt in new form.*—Where justice requires it, a judgment will be adjudged to be the old debt in a new form, and will not be regarded as creating a new debt. p. 422.

8. BANKRUPTCY.—*Judgment on judgment for alimony does not change character of debt so as to bring it within bankruptcy law.*—A judgment on a judgment for alimony would not change the character of the debt so as to bring it within the operation of a discharge in bankruptcy. p. 423.

9. EXEMPTIONS.—*Judgment for alimony not based on contract so that exemption can be claimed.*—A judgment for alimony is not a judgment for a debt growing out of contract within the meaning of the exemption statute. p. 424.

10. BANKRUPTCY.—*Judgment for alimony not released by discharge in bankruptcy.*—A judgment for alimony is not a debt within the meaning of the bankruptcy law and is not released by a discharge in bankruptcy. p. 427.

11. EVIDENCE.—*In proceeding to enforce lien of judgment taken on judgment for alimony, pleadings and judgment in divorce action admissible to show nature and character of second judgment.*—In a proceeding between a former wife and husband to enforce the lien of a judgment for alimony against the property of the husband who had been discharged in bankruptcy, the court properly overruled an objection to the admission of the pleadings and judgment in the divorce action where a judgment had been taken on the judgment therein, as the second judgment did not so change the character of the obligation on which the first was rendered as to make the judgment provable in bankruptcy. p. 429.

12. APPEAL.—*Rulings as to admission of evidence not considered on appeal when all evidence not recited in appellant's brief.*—Rulings as to the admission of evidence will not be considered on appeal when appellant has not set out in his brief all the evidence admitted at the trial. p. 430.

13. APPEAL.—*Appellate tribunal cannot extend time for filing petition for rehearing.*—The appellate tribunals have no power to extend the time for filing a petition for rehearing beyond the time fixed by the statute. p. 430.

14. APPEAL.—*Reopening of cause after time for petition for rehearing has expired not allowed except for fraud of adverse party or unavoidable accident.*—After time for filing petition

for rehearing has expired (§730 Burns 1926, §662 R. S. 1881), the court will not reopen a cause except where the filing of a petition for rehearing was prevented by the fraud of the opposite party or unavoidable accident, and the petitioner is without fault. p. 431.

From Decatur Circuit Court; *John W. Craig,* Judge.

Proceeding by the Union Trust Company, as administrator to sell real estate to pay debts, in which Mary J. Cotton, a creditor of one of the heirs, filed a petition against her codefendant Frank H. Gilchrist. From an order granting the petition, the defendant thereto appeals. *Affirmed.* By the court in banc.

*Myron C. Jenkins,* for appellant.

*John F. Goddard, Edgar E. Hite, George L. Tremain* and *Rollin A. Turner,* for appellee.

McMahan, J.—The Union Trust Company, as administrator of the estate of Minerva J. Gilchrist, filed a petition for the sale of real estate to pay debts of the estate. Appellant, Frank H. Gilchrist, a son of the decedent, was named as one of the defendants. Appellee, being the holder of a judgment, was named as a defendant, and filed an answer alleging that, a number of years prior thereto, she had been granted a divorce from appellant, at which time she recovered a judgment against him for alimony in the sum of $3,100, and that, in June, 1922, she obtained a judgment against appellant in the sum of $5,000 based upon said prior judgment. That said last judgment was a lien on the interest of appellant in the real estate described in the petition, and asking that, upon sale of such real estate, the administrator be directed to pay her the amount of her judgment out of the distributive share of appellant arising upon the sale of said real estate. Appellant filed an answer to this petition of appellee,

in which he alleged that his mother died November 18, 1922, the owner of the real estate; that on October 13, 1922, he was duly adjudged a bankrupt; that on February 5, 1923, he received a discharge in such bankruptcy proceedings as to all provable debts, and asking that appellee be decreed not to have a lien upon the proceeds coming to him from the sale of said real estate.

On February 16, 1923, the petition of the administrator to sell the real estate was submitted to the court for trial, and the court ordered the real estate sold, and that the controversy between appellant and appellee "be later adjudged and adjusted as between them and if it is found that the defendant, Mary J. Cotton, has a lien upon the interest of said defendant, Frank H. Gilchrist, the same shall attach to the fund arising from said sale, belonging to the defendant, the said Frank H. Gilchrist."

The real estate was sold by the administrator, and thereafter the petition of appellee to have her judgment attach to the proceeds belonging to appellant was submitted to the court for trial and resulted in a finding and judgment that appellee had a lien in the sum of $5,000 against the interest of appellant in the hands of the administrator and that the administrator should pay said sum of $5,000 out of appellant's interest to appellee.

Appellant filed a motion for a new trial, specifying as grounds therefor: That the court erred in admitting in evidence, over his objection, the complaint, answer, and judgment in the action wherein appellee was granted a divorce from appellant and in which she was given a decree for alimony and that the decision of the court is not sustained by sufficient evidence and is contrary to law.

This motion being overruled, appellant prosecutes a vacation appeal without making the administrator of the estate of Mrs. Gilchrist a party. Appellee has filed

a motion to dismiss the appeal because of the failure to make the administrator a party. The judgment which is the foundation of this appeal affected no one other than appellant and appellee. The administrator is in no wise affected by that judgment and has no interest in its affirmance or reversal. *Hughes* v. *Yates* (1924), 195 Ind. 182, 144 N. E. 862, cited by appellee is not controlling. In that case, exceptions had been filed, and sustained, to the report of a commissioner appointed to sell real estate in an action for partition. The exceptions had been sustained and an amended report had been filed in accordance with the order of the court, showing that he had distributed the money as directed, except the sums awarded to the appellant and appellee therein, which he had paid to the clerk for the use of the parties. The judgment in that case was one not only commanding the distribution of the funds in a certain way, but it also was a judgment approving the amended report and discharging the commissioner, and involved an issue in which the commissioner was a party. In the instant case, neither the administrator individually nor as administrator was affected by the issue presented by the pleadings of appellant and appellee. The rights of the estate are not affected by the judgment, and, as we view it, the administrator was not a necessary party to this appeal. The motion to dismiss is overruled.

The only error assigned relates to the action of the court in overruling the motion for a new trial. Appellee insists that no question is presented as to the action of the court in overruling this motion for the reason that there is no statement in the bill of exceptions, or in the certificate of the judge, to the effect that the evidence set out in the bill of exceptions is all of the evidence introduced on the trial. This contention is not well taken. The bill of exceptions sets

out certain evidence introduced by appellee and by appellant, which is followed by the statement in the body of the bill: "And this was all the evidence given in the cause, excepting the following specifications agreed upon in open court, to wit." This is followed by an agreement as to certain facts, and this agreement is followed by the certificate signed by the judge. We hold that the bill of exceptions shows that it contains all of the evidence given on the trial of the cause.

The only questions attempted to be presented by appellant relate to the admission of the evidence mentioned in the motion for a new trial. The other specifications in the motion are waived because of the failure of appellant to state any reason, point, or proposition in support of them.

Appellee contends that no question is presented as to the admission of the evidence because of appellant's failure to state in his brief what objections were made to the admission of the evidence. This contention might well be sustained as it is sustained by a multitude of decisions of this and the Supreme Court. But, in view of the fact that the cause must be affirmed on the merits, we will overlook the defect in appellant's briefs. Attention, however, is called to *Gwinn* v. *Hobbs* (1917), 72 Ind. App. 439, 118 N. E. 155; *McCoun* v. *Shipman* (1920), 75 Ind. App. 212, 128 N. E. 683; *Slifer* v. *Williard* (1921), 78 Ind. App. 88, 131 N. E. 87; *Totten* v. *American R. Express Co.* (1922), 78 Ind. App. 202, 135 N. E. 152; *Fidelity, etc., Co.* v. *Blount Plow Works* (1922), 78 Ind. App. 529, 136 N. E. 559.

Appellee obtained a divorce from appellant in the Decatur Circuit Court in 1911, at which time she was decreed alimony in the sum of $3,100. In 1922, she filed another complaint against appellant in the same court alleging that she had theretofore

recovered a judgment in that court against appellant in the sum of $3,100, which judgment, with interest, was due and wholly unpaid; that when said judgment was rendered, her name was Mary J. Gilchrist and she was the wife of appellant, but that, in said judgment, the court restored to her her maiden name, Mary J. Cotton, in which name she brought the second action, and asking for judgment in the sum of $5,000. Such proceedings were had therein as resulted in a judgment being rendered against appellant in June, 1922, for $5,000. Appellee introduced the complaint, summons, answer, and judgment in her action for divorce in evidence. Appellant insists that the former judgment was merged in the last judgment; that there is nothing on the face of the last judgment or in the pleadings on which it is founded disclosing its nature and that it was reversible error for the court to allow the complaint and judgment in the action for divorce to be introduced in evidence over his objections. An examination of the record discloses that the only objection made to the introduction of this evidence was that the former judgment was merged in the last judgment, and objections not made in the trial court will not be considered on appeal.

It is well settled in this state that when a judgment is rendered on a former judgment, the first judgment is merged in the last judgment and that no further action can be taken on the first judgment to enforce its collection by execution, suit, or otherwise. *Gould* v. *Hayden* (1878), 63 Ind. 443. But it has been held that the merger of a debt as a cause of action does not deprive the creditor of his right to make available a security held for the debt. The fact that the holder of a note secured by a mortgage sues on the note and takes a personal judgment against the maker does not destroy the debt for which the note was

given so as to prevent the holder from thereafter foreclosing the mortgage. *Muncie Nat. Bank* v. *Brown* (1887), 112 Ind. 474.

In *Rawley* v. *Hooker* (1863), 21 Ind. 144, judgment had been recovered in 1845, on certain promissory notes dated in 1840. The judgment gave no directions as to the manner of collection in reference to the appraisement laws then in existence and which had been enacted after the execution of the notes. An execution was issued on the judgment and certain land sold without appraisement. The contention there was that the purchaser of the land at such sale could not go behind the judgment and show that the judgment was one on which a sale without appraisement was authorized; that the notes were merged in the judgment and since the judgment did not direct the collection without appraisement, the sale should have been made in accordance with the laws in force at the time of its rendition. In denying this contention, the court said: "To be sure, the notes were merged in the judgment, but it does not seem to us to follow necessarily that the parties could not go behind it in order to determine their rights in relation to the mode of collection as to appraisement." Among the cases reviewed by the court and cited is *Clark* v. *Rowlings* (1850), 3 Comst. (N. Y.) 216, 53 Am. Dec. 290, where it was held that: "A judgment upon a contract technically merges the demand, but not in so complete a sense that the courts may not look behind the judgment to see upon what it is founded for the purpose of protecting the equitable rights connected with the original relation of the parties."

Where justice requires it, a judgment will be adjudged to be an old debt in a new form, and will not be regarded as creating a new debt. *Donald* v.
7. *Kell* (1887), 111 Ind. 1. And in *Madison Tp.* v. *Dunkle* (1888), 114 Ind. 262, where the na-

ture of the debt for which a note had been given was alleged in the complaint and where the note had been listed as provable in bankruptcy, proof was permitted to show that the maker of the note, while trustee of the township, had converted certain money to his own use and that the note was given as evidence of a debt owing by reason of a fiduciary capacity and, therefore, not provable in bankruptcy. After holding that the giving of the note did not change the character of the debt, the court said: "It is well settled that the courts will look behind a note, a mortgage, or even a judgment, to ascertain the nature of the debt, and if it is ascertained to be one which a discharge does not bar, it will be so adjudged." To the same effect see *Brown* v. *Hannagan* (1911), 210 Mass. 246, 96 N. E. 714, where it was held that the original character of the liability was not lost by being reduced to judgment.

The taking of the second judgment did not change the character of the debt. *Simpson* v. *Simpson* (1879), 80 N. C. 332. The merger of an original cause of action by taking a judgment thereon does not have the effect of bringing the debt within the operation of a discharge in bankruptcy. *In re Patterson* (1868), 1 N. B. R. 307; *In re Whitehouse* (1874), 4 N. B. R. 63; *Warner* v. *Cronkhite* (1876), 13 N. B. R. 52.

In *Young* v. *Grau* (1885), 14 R. I. 340, where the record did not disclose the character of the debt which was the foundation of the judgment sued on, and where it was contended that the holder of the judgment could not go back of the record to show that the original debt was one created by fraud and not provable in bankruptcy, the court said: "The first contention amounts to this, namely: that the debt was not created by fraud of the defendant, because having passed into judgment it no longer exists in the form in which it was created

by him.  We do not think the argument is valid.  It pushes the technical doctrine of merger beyond its proper sphere.  The question is, what does the statute mean by 'debt created by the fraud of the bankrupt?' Can we say that a judgment debt is not created by * * * his fraud?  We think not.  The judgment debt is nothing but the contract debt in an adjudicated form.  Freeman on Judgments, §§244, 245.  The statute looks back to the origin, and change of form is not a change of origin.  A debt is created by the fraud of the debtor * * * but for his fraud it would not have existed."

A judgment for alimony is not a "debt growing out of, or founded upon a contract, express or implied" within the meaning of the exemption statute. 9. *Menzie* v. *Anderson* (1879), 65 Ind. 239.  "The liability to pay alimony is not founded upon a contract, but is á penalty imposed for a failure to perform a duty."  *Barclay* v. *Barclay* (1900), 184 Ill. 375, 51 L. R. A. 351.

One theory of merger is that the lower security is merged into the higher security, and that the higher extinguishes the inferior security; that a judgment is of a higher order of security than an ordinary cause of action, and, for this reason, the latter is merged in the judgment.  15 R. C. L. §236, p. 782.  In *Cissna* v. *Haines* (1862), 18 Ind. 496, a debt was evidenced by a note secured by a mortgage.  The debt evidenced by this note was renewed by the amount due being embraced in a new note, which was also secured by an additional mortgage as further security, and a general judgment was recovered on the latter note.  Held, that the legal effect of taking this judgment was to merge both notes in the judgment and that subsequent proceedings to enforce the rights under the mortgage should be based on the judgment and not on the original note.

While the court did not enter into a discussion of the ground for the holding, it is clear that it was on the theory that the cause of action, that is, the original note had been merged in the judgment, but that the debt itself, with the security, remained unaffected by the judgment, and could be enforced in an action on the judgment and for a foreclosure of the mortgage given to secure the original note. As was said in *Rossiter* v. *Merriman* (1909), 80 Kans. 739, 104 Pac. 858, 24 L. R. A. (N. S.) 1095: "However, the merger and extinguishment of the note did not discharge the debt nor extinguish the mortgage. The form of the debt was changed, but the debt itself for which the mortgage was security, remained in full force." In *Conyers* v. *Mericles* (1881), 75 Ind. 443, the court says, "*  *  *  and it is well settled that the recovery of a judgment upon a note secured by a mortgage is no bar to an action to foreclose the mortgage."

In *Gibson* v. *Green's Admr.* (1893), 89 Va. 524, 16 S. E. 661, 37 Am. St. 888, a judgment had been taken on a bond secured by a deed of trust. Sometime after the rendition of the judgment, the debt not being paid, the administrator of the estate of the owner of the judgment and debt advertised the lands for sale under the provisions of the trust deed. It was there contended that the debt secured by the trust deed was merged in the judgment and that the administrator had no right to sell the land under the provisions of the deed. In denying this contention, the court said: "But according to the rule established in Virginia, the debt was not merged in the judgment, nor was the deed of trust security, in any way affected by the judgment. Undoubtedly the bond, the original evidence of the debt, was merged in the judgment, but the character of *the debt* was not changed; *that* remained the same. This court has repeatedly called attention to the distinction

between a mortgage, deed of trust, and a vendor's lien, and mere personal securities for the payment of money of any class or grade whatever. And the rule has been recognized that no change in the evidence of the debt, or anything short of actual payment or an express release, will operate to discharge the lien; that the latter remains until the debt is satisfied, and is not affected by a judgment at law merging the original evidence of the debt."

"The essential nature and real foundation of a cause of action are not changed by recovering judgment upon it; and the technical rules, which regard the original claim as merged in the judgment, and the judgment as implying a promise by the defendant to pay it, do not preclude a court, to which a judgment is presented for affirmative action, (while it cannot go behind the judgment for the purpose of examining into the validity of the claim,) from ascertaining whether the claim is really one of such a nature that the court is authorized to enforce it." *Wisconsin* v. *Pelican Ins. Co.* (1888), 127 U. S. 265, 8 Sup. Ct. 1370, 32 L. Ed. 239. The same idea is stated in *Boynton* v. *Ball* (1887), 121 U. S. 457, 7 Sup. Ct. 981, 30 L. Ed. 985, as follows: "But this court, to which this precise question is now presented for the first time, is clearly of opinion that the debt on which this judgment was rendered is the same debt that it was before; that, notwithstanding the change in its form from that of a simple contract debt, or unliquidated claim, or whatever its character may have been, by merger into a judgment of a court of record, it still remains the same debt on which the action was brought in the state court and the existence of which was provable in bankruptcy."

In *Packer* v. *Whittier* (1899), 91 Fed. 511, 33 C. C. A. 658, plaintiff sued on a judgment rendered prior to the defendant's discharge in bankruptcy, alleging that

the debt was not discharged because of the fraud of the defendant. It was there held that a cause of action does not become merged in a judgment thereon so as to preclude the plaintiff from showing that the original debt was created by the fraud of the debtor, for the purpose of avoiding the effect of a discharge in bankruptcy subsequently obtained by the debtor. And where the enforcement of a judgment is sought by proceedings which were authorized by legislation existing at its date, but subsequently repealed, the court may inquire whether the judgment was founded upon a contract, the obligation of which the state was prohibited from impairing, but cannot re-examine the validity of the contract or the propriety of the judgment. *Louisiana* v. *Police Jury* (1884), 111 U. S. 716, 4 Sup. Ct. 648, 28 L. Ed. 574. A merger takes place only where an inferior security or indebtedness passes into one of a superior degree. *Wells* v. *Schuster-Hax Nat. Bank* (1897), 23 Colo. 534, 48 Pac. 809.

A judgment for alimony is not a debt within the meaning of the bankruptcy law and is not released by a discharge in bankruptcy. As was said in

10. *Audubon* v. *Shufeldt* (1901), 181 U. S. 575, 21 Sup. Ct. 735, 45 L. Ed. 1009: "Alimony does not arise from any business transaction, but from the relation of marriage. It is not founded on contract, express or implied, but on the natural and legal duty of the husband to support the wife. The general obligation to support is made more specific by the decree of the court of appropriate jurisdiction. * * * Permanent alimony is regarded rather as a portion of the husband's estate to which the wife is equitably entitled, than as strictly a debt; alimony from time to time may be regarded as a portion of his current income or earnings; and the considerations which affect either can be better weighed by the court having jurisdiction of the

relation of husband and wife, than by a court of different jurisdiction."

In *Wetmore* v. *Markoe* (1904), 196 U. S. 68, 74, 25 Sup. Ct. 172, 49 L. Ed. 390, 2 Ann. Cas. 265, the court, in speaking of judgments for alimony rendered in a court having continuing control over them with power to alter or amend, and of such judgments rendered in a court having no power to alter or amend them said: "The court having power to look behind the judgment, to determine the nature and extent of the liability, the obligation enforced is still of the same nature notwithstanding the judgment. We think the reasoning of the Audubon case recognizes the doctrine that a decree awarding alimony to the wife or children, or both, is not a debt which has been put in the form of a judgment, but is rather a legal means of enforcing the obligation of the husband to support and maintain his wife and children. He owes this duty, not because of any contractual obligation or as a debt due from him to the wife, but because of the policy of the law which imposes the obligation upon the husband. The law interferes when the husband neglects or refuses to discharge this duty and enforces it against him by means of legal proceedings." And continuing on page 77, the court said: "The bankruptcy law should receive such an interpretation as will effectuate its beneficent purposes, and not make it an instrument to deprive dependent wife and children of the support and maintenance due them from the husband and father, which it has ever been the purpose of the law to enforce. Systems of bankruptcy are designed to relieve the honest debtor from the weight of indebtedness which has become oppressive, and to permit him to have a fresh start in business or commercial life, freed from the obligation and responsibilities which may have resulted from business misfortunes. Unless positively required by direct

enactment the courts should not presume a design upon the part of Congress, in relieving the unfortunate debtor, to make the law a means of avoiding enforcement of the obligation, moral and legal, devolved upon the husband to support his wife and to maintain and educate his children. While it is true in this case the obligation has become fixed by an unalterable decree so far as the amount to be contributed by the husband for support is concerned, looking beneath the judgment for the foundation upon which it rests, we find it was not decreed for any debt of the bankrupt, but was only a means designed by the law for carrying into effect, and making available to the wife and children, the right which the law gives them as against the husband and father."

In Bullis v. O'Beirne (1904), 195 U. S. 606, 25 Sup. Ct. 118, 49 L. Ed. 340, the court, in deciding that a certain judgment rendered in a state court was a judgment for direct fraud as distinguished from a constructive fraud, said: "If the judgment is thus founded, whatever the form of the action, it is the intent and purpose of the law that the bankrupt shall not be discharged from it, but shall still rest under its obligation, so far as the bankrupt law is concerned."

Where a defendant against whom a judgment had been obtained for an assault, on being arrested, made application to take the poor debtor's oath and gave a recognizance under the laws of Massachusetts, a judgment subsequently rendered on the recognizance was held to be a liability for a willful injury and not released by a discharge in bankruptcy. In re Colaluca (1904), 133 Fed. 255.

Appellant makes no claim that the judgment for alimony rendered in the action for divorce in 1911 was provable in bankruptcy or affected by his discharge, and it is clear that the merger of

that judgment in the judgment rendered thereon in 1922, did not so change the character of the obligation or debt as to make it provable in bankruptcy. The court did not err in overruling appellant's objection to admitting the record of the action for divorce in evidence.

Appellant says that there is nothing on the face of the last judgment nor in pleadings on which it is based to show that the first judgment was for alimony; 12. that the pleadings in the action on the former judgment alone must be looked to in order to determine the character of the indebtedness and that it was error to admit the complaint and judgment for alimony in evidence for that reason. No such objection was made in the trial court and cannot be made in this court. Not only was no such objection made at the trial, but in appellant's recital of the evidence, he has wholly failed to set out the contents of the complaint and judgment in the action for divorce. He has also failed to set out the contents of the complaint and the judgment in the last action.

Judgment affirmed.

### ON APPLICATION FOR LEAVE TO FILE PETITION FOR REHEARING.

PER CURIAM.—This cause was determined by this court July 2, 1925. On the sixty-first day thereafter, appellant, by his counsel, tendered to the clerk of 13. this court a petition for a rehearing. The clerk having refused to receive and file this petition, appellant, on September 11, filed his application herein, asking that he be granted leave to file his petition for a rehearing and briefs in support thereof. The only excuse given by appellant for his failure to file said petition within the time permitted by statute is that his attorney, after having "counted the days" within which

time the petition could be filed, in "good faith believed that September 1, 1925," was in time. The time within which a petition for a rehearing may be filed is fixed by §730 Burns 1926, §662 R. S. 1881, which provides that "At any time within sixty days after the determination, either party may file a petition for a rehearing." The time for filing a petition for a rehearing expired August 31, 1925. As was held by the Supreme Court in *Dudgeon* v. *Bronson* (1902), 159 Ind. 562, 64 N. E. 910, 65 N. E. 752, 95 Am. St. Rep. 315, the court has no power to extend the time for filing a petition for rehearing beyond the time fixed by the statute. See, also, *Clark* v. *DeCamp* (1922), 79 Ind. App. 225, 136 N. E. 844, 137 N. E. 716.

While the court has authority to correct an error in its records after the time for filing a petition for a rehearing has expired, it has been said that: "Except where the filing of a petition was prevented by an unavoidable accident, or by the fraud of the opposite party, and the petitioner is without fault, the court will not reopen the cause for consideration and determination of the questions involved in the appeal." Ewbank's Manual (2d ed.) §241.

Application denied.

Filed October 15, 1925.